90  477
[127  428

# Herstein *v.* Walker.

*Bill in Equity by Creditor, against Deceased Debtor's Donee.*

1. *Final decree; conclusiveness of; affirmance on appeal.*—When a. cause has been submitted for decree on pleadings and proof, and the chancellor renders a decree sustaining a demurrer to the plea of *res adjudicata*, but overruling a demurrer to the plea of non-claim, holding that plea good, adjudging the costs against the complainant, and awarding execution; an affirmance of his decree by this court, on appeal by the complainant, is conclusive against the subsequent; allowance of a replication to the plea of non-claim.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. THOMAS COBBS.

This case was before this court at a former term, as shown by the report in 85 Ala. 37, where it is erroneously stated that, the chancellor, not only sustained the plea of non-claim, but; "dismissed the bill." The decree there appealed from is copied: in the opinion of the court, and shows that the bill was not, formally dismissed. After the affirmance on that appeal, the complainant asked leave to file a special replication to the plea of non-claim; but the chancellor overruled the application, holding that it came too late, and formally dismissed the bill. This decree is now assigned as error.

WATTS & SON, and MILTON HUMES, for appellant, cited 1 Dan. Ch. Pl. & Pr. 692, 696; *McEwen v. Broadhead,* 3 Stock. N. J.. 129; *Fish v. Miller,* 5 Paige, 26; *Cook v. Mancius,* 4 John.. Ch. 166; *Witt v. Ellis,* 2 Cold. 40; *Clipper v. Bevill,* 6 Heisk. 506.

F. P. WARD, *contra.*

STONE, C. J.—On May 25, 1887, the following order was. made in this cause in the Chancery Court of Madison:. "Came the parties by solicitors, and cause submitted upon defendant's pleas, and upon pleadings and proof noted by the register, as follows, to-wit:" Then follows a statement of the pleadings, exhibits, and some record testimony. On June 7, 1887, during the same term, the chancellor rendered the following decree: "This cause, coming on to be-

[Herstein v. Walker.]

heard at the present term, is submitted for decree on the pleadings and proof, noted and filed by the register. After due consideration, it is adjudged, ordered and decreed, that the complainant's demurrer to defendant's pleas of *res adjudicata*, numbered one and two, be and they are hereby sustained, but complainant's demurrer to defendant's pleas of non-claim, numbered three and four, are hereby overruled. It is further ordered, that complainant pay the costs of this suit, for which let execution issue, to be levied of the goods and chattels, lands and tenements of the estate of complainant's testator, in the hands of complainant as executrix unadministered."

From said decree complainant prosecuted an appeal to this court. In this court, the appellant assigned errors, commencing, "The appellant says the Chancery Court, from which this appeal is taken, committed the following errors to her injury in the final decree rendered in this cause." She then added three assignments of error. The appeal was taken June 8, 1887. On February 2, 1888, said cause was argued and submitted to this court for decision; and on May 24, 1888, this court affirmed the decree of the chancellor.—*Herstein v. Walker*, 85 Ala. 37.

In September, 1888, the complainant, Mrs. Herstein, filed her petition in the Chancery Court of Madison, praying for leave to file a replication to defendant's said plea of non-claim, and with it submitted the replication she proposed to file. The chancellor ruled that the petition and motion came too late, and disallowed the motion. From that ruling the present appeal is prosecuted, and the sole question is, whether the decree of June 7, 1887, affirmed in this court May 24, 1888, was a final decree.

The question, what constitutes a final decree in a chancery suit, has been so often decided in this court, that it would seem to be almost needless repetition to restate the principle. A decree settling the equity raised by the pleadings, and adjudging the rights of the parties, on a submission for decree on the merits, is certainly a final decree.—3 Brick. Dig. 399, § 525; note to § 2611, Code of 1886. The decree of June 7, 1887, not only settled every equitable question raised, but made final disposition of the entire costs of the suit. And it makes no difference that the ruling was on demurrer. When a demurrer is sustained, or overruled, and a final decree suffered to be rendered, without asking leave to amend or reply, as the case may be, and the term of the court is permitted to expire; this is, to all intents, a final decree on the questions raised, or which could be raised on the proceedings; and as to such questions, the losing party is without remedy save by appeal, or,

[Allen v. Towns.]

in a proper case, by bill of review.—Rule 84 of Chancery Practice; *Ex parte Cresswell*, 60 Ala. 378; *Cochran v. Miller*, 74 Ala. 50; *Strang v. Moog*, 72 Ala. 460.

But the present case goes beyond the principle stated. Not only were all the equities settled by the decree of the chancellor, but his decree, by the affirmance in this court, became merged in our judgment and decree. This placed it doubly beyond the power of the chancellor to modify it, by any order he might subsequently make.—*Stephens v. Norris*, 15 Ala. 79.

Affirmed.