AMOS HARRELL ET AL. v. CORA HAGAN ET AL.

(Filed 10 March, 1909.)

1. **Trusts and Trustees—Resulting Trusts—Conversation With Deceased Person—Evidence.**

In an action to engraft a resulting trust on lands alleged to have been bought by O. at a public sale in behalf of H., both deceased, testimony of witnesses who are parties and interested in the result of the action as to a conversation between O. and H. tending to establish the trust is incompetent. (Revisal, sec. 1631.)

2. **Procedure—Final Judgment—Interpleader.**

After the courts have passed upon the merits of a controversy, and an appeal had and determined by the Supreme Court, an interpleader by new parties should not be allowed, as an independent action should have been brought; but while this is an irregularity, the court below may proceed, under this decision, as the case is now constituted.

ACTION tried before *W. R. Allen, J.,* and a jury, at February Term, 1909, of EDGECOMBE.

*R. G. Allsbrook* and *G. M. T. Fountain* for plaintiffs.
*F. S. Spruill* and *W. O. Howard* for defendants.

WALKER, J. This action was brought for the recovery of land and was before this Court on appeal at Spring Term, 1908 (147 N. C., 111). We then decided in favor of the defendants and directed judgment to be entered accordingly in the Superior Court. After the opinion and judgment of this Court had been certified to the court below, Martha Cale, W. W. Owens and others interpleaded, and alleged that they were the owners of the land as heirs of C. H. Owens. The defendants answered the interplea, and averred that C. H. Owens bought the land at a sale made by H. A. Gilliam, trustee of Eagles & Crisp, bankrupts, upon a parol agreement that he would hold it in trust for Opperlina Harrell, under whom they claimed the land. Issues were submitted to the jury, which, with the answers thereto, were as follows:

1. "Was there a parol agreement between C. H. Owens and Opperlina Harrell that Owens would buy in the tract of land

for her and hold it in trust until the rents from the land and proceeds from the sale of timber repaid him the purchase money, and then that the land should be hers?" Answer: "Yes."

2. "Has Owens received from the rents and sales of timber a sum sufficient in amount to repay him?" Answer: "Yes."

In order to establish the parol trust, two of the defendants, who are interested in the result of this action, were permitted to testify, over the objection of the interpleaders, that they heard a conversation between C. H. Owens and Opperlina Harrell, in which Owens agreed to buy the land at the sale of the trustee and hold the same in trust for her. The admitted evidence tended to show that C. H. Owens had agreed with Opperlina Harrell to buy the land at the sale in trust for her, and that as soon as he had received rents and profits sufficient to reimburse himself she should have it. Mrs. Harrell stayed on the land twelve months and then moved to Macclesfield, where she occupied a home provided for her by C. H. Owens. The year before Owens died he told her that "he was through with the land and she could take it." It also appears from the pleadings, and was not controverted on the argument before us, that at the time of the sale, and prior to the adjudication of bankruptcy, Opperlina Harrell had executed a mortgage to B. F. Eagles, who afterwards sold the land under the power obtained in the mortgage to S. M. Crisp, a member of the firm of Eagles & Crisp, to whom the debt was really due; that on 1 January, 1891, Opperlina Harrell executed to Eagles & Crisp a second mortgage, which was unsatisfied and in force when S. M. Crisp bought at the sale made under the first mortgage by B. F. Eagles. There was testimony other than that of Cora and Farror Harrell as to the agreement of C. H. Owens with Opperlina Harrell.

The defendants contended that the purchase by B. F. Crisp at the sale under the first mortgage did not change his fiduciary relation towards Opperlina Harrell and vest the title to the land absolutely in him, but that in equity the effect of the purchase was to remove an outstanding encumbrance, the amount paid for the land being tacked to that secured by the second mortgage, under the rule that a second mortgagee cannot buy the land at a sale under the first mortgage and hold the same, discharged

of the trust created by the two mortgages, but he is entitled only to add the amount paid by him to the debt due under the second mortgage. *Taylor v. Heggie,* 83 N. C., 244. It was also contended that as Opperlina Harrell, under the said rule, had an equitable estate in the land at the time of the purchase by C. H. Owens at the sale made by H. A. Gilliam, trustee, the agreement of Owens created a valid parol trust in her favor, under former decisions of this Court. *Vannoy v. Martin,* 41 N. C., 169; *Vestal v. Sloan,* 76 N. C., 127; *Sykes v. Boone,* 132 N. C., 199; *Avery v. Stewart,* 136 N. C., 426. We prefer not to consider these interesting questions at this time, as there was error in the admission of testimony, which requires another trial of the case, at which the evidence may be materially changed and an entirely new state of facts presented.

The testimony of Cora and Farror Harrell as to the conversation between C. H. Owens and Opperlina Harrell was incompetent, under prior rulings of this Court. *Wilson v. Featherstone,* 122 N. C., 747; *Witty v. Barham,* 147 N. C., 479. The witnesses were both interested in the result of this action and parties thereto, and C. H. Owens and Opperlina Harrell were dead. Whether the construction by the court of Revisal, sec. 1631 (The Code, sec. 590), is the correct one, it is useless for us now to discuss. The true meaning of the statute and the intent of the Legislature have been settled by this Court in well-considered opinions, which we are not disposed to disturb.

There was error in admitting the testimony of the two witnesses, as above indicated, for which the interpleaders are entitled to a new trial. The other exceptions need not be considered at this time.

We do not approve the course adopted in the court below of allowing the interplea to be filed by new parties after this Court had fully passed upon the merits of the pending action and directed judgment to be entered in favor of the defendants. The interpleaders should have been required to bring an independent action. The plaintiffs are not interested in their controversy with the defendants, and, besides, the pending suit had been settled by final judgment. While this is an irregularity, the court may proceed in the case as now constituted.

New Trial.