29 So.2d 881

**WHEELER v. WHEELER.**

**4 Div. 446.**

Supreme Court of Alabama.

April 10, 1947.

J. Hubert Farmer, of Dothan, and Carl S. Farmer, of Abbeville, for appellant.

G. D. Halstead, of Headland, for appellee.

STAKELY, Justice.

Sandra Wheeler is a little girl four years of age. She is the daughter and only child of the marriage of Martha Wheeler (appellant) and Leslie Wheeler (appellee). This case involves the right to the custody of this child. The issues in the case are made by a bill in equity filed by Leslie Wheeler, the father, against Martha Wheeler, the mother, for the custody of the child, the answer and cross-bill of the mother and the answer of the father to the cross-bill. In her cross-bill Martha Wheeler not only seeks the custody of the child, but a divorce from Leslie Wheeler on the ground of cruelty. The court denied the divorce and granted full time custody to Leslie Wheeler. Accordingly Martha Wheeler prosecutes this appeal.

The evidence is voluminous, but we have considered it in conference with the greatest care. We are not aided by any presumption in favor of the finding of the court, because the witnesses were examined before a commissioner and not orally before the court. Ruf v. Davis, 232 Ala. 477, 168 So. 674; Federal Land Bank of New Orleans, La. v. Sutton, 248 Ala. 529, 28 So. 2d 553.

Leslie Wheeler and Martha Wheeler were married in 1936 and lived together as husband and wife until October, 1945. No good purpose can be served in setting out the details of the unfortunate affair that caused their separation. Caples v. Young, 206 Ala. 282, 89 So. 460; James v. James, 242 Ala. 140, 5 So.2d 616. Suffice it to say that upon a consideration of the evidence we conclude that Martha Wheeler is entitled to a divorce from Leslie Wheeler from the bonds of matrimony on the ground of cruelty. It is so ordered. Neither party shall again marry except to each other until sixty days after this date. Section 38, Title 34, Code of 1940.

So far as the child is concerned, the paramount consideration is the welfare of the child. Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18.

If custody is granted to the father, the child will live in the home of his sister, a good woman of 50 years. Her home is a well constructed house with adequate conveniences in Abbeville. But in this home already live her son with his wife and three children. There is no doubt of the wholesome atmosphere where these good people reside. Leslie Wheeler is employed by the City of Abbeville as a night watchman with a monthly salary of $135. He is 46 years of age.

If the custody is granted to the mother, although she has relatives in Henry County, she will for the present at least take the child to be with her in the home of her sister in Albermarle, N. C. Her sister is happily married to a prosperous man. They have no children. The sister is 50 years of age and is a good woman. She is a graduate nurse. This house is commodious with modern conveniences. It is situated in a community with nearby churches and schools. There the child will have wholesome surroundings.

Many witnesses in the case testify to the good character of Martha Wheeler and to the fact that she has been a good mother to her child. While we do not appear to have her exact age, she is much younger than her husband. She has a job in Albermarle, N. C., that will pay her $25 a week.

We cannot be unmindful of the need of this little girl of tender years for the care and love that only a mother can give. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392. The only real objection

that we can see to the custody of the mother is the fact that the child will be taken beyond the jurisdiction of the courts of this state. With the lights now before us, we are not willing to regard this as an insuperable obstacle. Sneed v. Sneed, supra. The child is approaching school age. We think it best that the mother have the custody of the child for nine months in each year, beginning September 1 and ending May 31, the father to have the custody during June, July and August of each year. Each parent shall have the right to visit the child at any reasonable time. Martha Wheeler shall pay the expense of transportation of the child to and from Abbeville. As a condition for removal of the child from the state, Martha Wheeler shall execute a bond, to be deposited with the register, in the amount of $1,000, payable to Leslie Wheeler with good and sufficient surety to be approved by the court or the register, conditioned upon her surrendering Sandra Wheeler to Leslie Wheeler at Abbeville, Alabama, at the beginning of the periods prescribed by Alabama decree for his having custody of Sandra Wheeler. Sneed v. Sneed, supra.

Reversed and rendered.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.