42 So.2d 619

### BROWN v. OLSSON et al.
### 1 Div. 289.

Supreme Court of Alabama.
Oct. 6, 1949.

Rehearing Denied Nov. 17, 1949.

McCorvey, Turner, Rogers, Johnstone & Adams and C. A. L. Johnstone, Jr., of Mobile, for appellant.

Caffey, Gallalee & Caffey, of Mobile, for appellees.

LAWSON, Justice.

This appeal is from a decree of the circuit court of Mobile County, in equity, denying appellant's motion to intervene in a cause wherein Theresa Olsson was complainant and Helena W. Nelson and others were respondents.

Appellant based his right to intervene on the provisions of Equity Rule 37, Code 1940, Tit. 7 Appendix, which rule is as follows:

"By petition filed by leave of the court on motion, and on notice to the parties of record of the hearing of the motion as prescribed by the court, any one shall be permitted to intervene in a suit when the representation of the petitioner's interest by existing parties is or may be inadequate, and the applicant is or may be prejudiced by a decree in the suit or when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or on other grounds which the court may deem sufficient.

"The petition shall set forth the ground[s] for intervention and the facts. supporting them; and the court shall prescribe in the order allowing the filing, the time allowed other parties to demur to or to answer the petition if so advised, and testimony may be taken thereon, if the averments require proof."

Appellant filed his petition on February 11, 1947, at which time the case of Olsson v. Nelson et al. was no longer pending in the equity court of Mobile County. This. court on December 5, 1946, affirmed the decree of the trial court in part and in part

672

the decree of the trial court was modified, and in so far as it was modified a decree was rendered by this court. Olsson et al. v. Nelson, 248 Ala. 441, 28 So.2d 186.

One of the issues before the trial court was the question as to who was entitled to the sum of $2,529.04, which had been paid into the registry of the circuit court awaiting the decree of that court as to the proper method of distribution. Although Mrs. Helena W. Nelson was a party to this suit only in her individual capacity, she had averred in her answer that the said sum should go to her as administratrix of the estate of her deceased husband. The trial court so decreed. But this court decreed that said sum should be distributed to the surviving brothers and sisters of Louis M. Nelson, who were the appellants here.

True, the money was still in the hands of the register of the circuit court of Mobile County, in equity, at the time the motion for leave to intervene was filed, but it was there awaiting distribution by the register in accordance with the mandate of this court.

■ As before indicated, we did not reverse and remand the cause to the trial court for further proceedings. That part of the decree which was affirmed became merged with the decree of the trial court and that court could not make any order modifying or altering it. Werborn v. Pinney, 76 Ala. 291. Of course, the same rule is applicable to decrees rendered by this court.

The case of Ex parte Ide, 228 Ala. 452, 153 So. 887, and cases cited, are clearly distinguishable from the instant case. In those cases the petition for intervention came after final judgment but pending appeal.

■ The decree of this court rendered in Olsson et al. v. Nelson, supra, was a final decree settling the rights of the parties as to the issues there litigated. After the decree of this court was entered, the case of Olsson et al. v. Nelson was not pending in the circuit court of Mobile County, in equity. The trial court correctly denied appellant's motion to intervene. Polk v. Frierson, 113 Ark. 582, 168 S.W. 1082;

Harrell et al. v. Hagan et al., 150 N.C. 242, 63 S.E. 952.

The decree of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and SIMPSON, JJ., concur.