49 So.2d 219

### WHEELER v. WHEELER.
### 4 Div. 577.

Supreme Court of Alabama.
Oct. 12, 1950.

Rehearing Denied Dec. 14, 1950.

J. Hubert Farmer, of Dothan, for appellant.

G. D. Halstead, of Headland, and L. H. Adams, Jr., of Abbeville, for appellee.

BROWN, Justice.

On the appeal by the wife Martha Wheeler in 4 Div. 446, decided April 10, 1947, involving the domestic relations between the parties to the present litigation,—the right of the wife to a divorce *a vinculo matrimonii* on the grounds of cruelty and the custody of the minor child Sandra Wheeler, was the subject matter of the litigation. The decree of the circuit court denying the wife a divorce and awarding the custody of said child to Leslie Wheeler was reversed and a decree here rendered granting to said Martha Wheeler a divorce, dissolving the bonds of matrimony existing between her and her then husband Leslie Wheeler and awarding to Martha Wheeler the custody of said child for nine months in each year beginning September 1st and ending May 31st, "the father to have the

612

custody during June, July and August of each year. Each parent to have the right to visit the child at any reasonable time." Wheeler v. Wheeler, 249 Ala. 119, 29 So. 2d 881, 882.

The appeal in this case is from a decree of the circuit court modifying the decree of this, the Supreme Court, and awarding the custody and control of said child to Leslie Wheeler, the divorced husband. The bill seeking that relief was filed by Wheeler August 31st, 1949. One of the assignments of error challenges the soundness of the last mentioned decree.

The effect of the final decree rendered by the Supreme Court in 4 Div. 446 was to terminate the litigation in that case and place it beyond the jurisdiction and power of said court to entertain any proceeding to review, alter or modify the same, in the absence of leave granted by this Court on proper application of one of the parties, showing sufficient cause therefor arising subsequent to the final judgment or decree here rendered. Louisville & N. R. Co. v. Mauter, 203 Ala. 237, 82 So. 487; Stuart v. Strickland et al., 203 Ala. 502, 83 So. 600; Stallworth v. Blum, 50 Ala. 46; Herstein v. Walker, 90 Ala. 477, 479, 7 So. 821; Werborn v. Pinney, 76 Ala. 291, 294-295; Bogacki v. Welch, 94 Ala. 429, 431, 10 So. 330; Brown v. Olsson et al., 252 Ala. 670, 42 So.2d 619.

We note that the proposition stated in 252 Ala. paragraph 1, page 672, 42 So.2d page 620, in the last cited case, through typographical misprision was incorrectly stated to the effect that, "That part of the decree which was affirmed became merged with the decree *of the trial court*", while it should have stated that it became merged with the decree of the Supreme Court and that the circuit court could not make any order modifying it.

We are therefore of the opinion that the bill last filed by appellee was without equity.

The decree of the circuit court is, therefore, reversed and one here rendered dismissing the same.

Reversed and rendered.

FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.