52 So.2d 700

## WHEELER v. KELLEY.

### 4 Div. 637.

Supreme Court of Alabama.

May 24, 1951.

G. D. Halstead, Headland, and L. H. Adams, Jr., Abbeville, for petitioner.

J. Hubert Farmer, Dothan, for respondent.

STAKELY, Justice.

By decree of this court Martha Wheeler was granted a decree of divorce from Leslie Wheeler and was at the same time awarded, under conditions set forth in the decree, part-time custody of their minor child Sandra Wheeler. Wheeler v. Wheeler, 249 Ala. 119, 29 So.2d 881. The present proceeding is an application by Leslie Wheeler to this court seeking leave to file in the circuit court proceedings for modification of the aforesaid decree on the ground that subsequent to the decree conditions have changed so as to adversely affect the best interest and welfare of the child. This is a proper procedure. Wheeler v. Wheeler, 254 Ala. 611, 49 So.2d 219.

At the time the aforesaid decree was rendered Sandra Wheeler was four years of age and the idea was that when the custody was granted to the mother she would take the child to be with her in her sister's home in Albermarle, N. C. The proof, among other things, showed that the sister was happily married to a prosperous man and that they had no children. The proof further showed that the sister was a good woman 50 years of age, a graduate nurse and that the home of the sister in which the child would live with her mother was commodious with modern conveniences, situated in wholesome surroundings in a community with nearby churches and schools.

The allegations of the present petition may be summarized as follows. Since the decree of this court Martha Wheeler has married one Ethan Kelley and to this marriage have been born three children, one being 2½ years of age, one being 1½ years of age and the other about six months old. Sandra Wheeler while in the custody of her mother does not live any longer in the home of her mother's sister, but on the contrary lives in a small house in Albermarle, N. C., where until recently Martha Wheeler (now Martha Kelley) lived with her present husband and their three children. Ethan Kelley has recently been called to active military service with the armed forces of the United States, where he is serving as an enlisted man in the army. Martha Kelley and the children are living with Ethan Kelley at or near his present military station which is alleged to be an environment not conducive to the best interest and welfare of Sandra Wheeler. It is alleged that Ethan Kelley often beats Sandra Wheeler with a belt and the beatings are the result of his displeasure over the association of Sandra Wheeler with his children. It is further alleged that Ethan Kelley has no job in Albermarle, N. C. and the sole means of support of Martha Kelley, her husband and the children is the salary received by Ethan Kelley as an enlisted man in the United States Army.

It is further alleged that Leslie Wheeler has made numerous trips to Albermarle, N. C., while the child was in the custody of her mother to see his child and to see how she was getting along and to determine if she needed anything and that on each of his visits he has been denied the opportunity and right to visit his child or see her at any time and place even though he offered to see the child at any time and place designated by Martha Wheeler Kelley. It is alleged that the child is now poorly cared for, inadequately clothed while in the custody of the mother and that the child is dissatisfied with her condition of life in Albermarle, N. C., which has been reflected in her school work and has constantly and repeatedly expressed her desire to remain with her father in Abbeville, Alabama, surrounded by friends and close

relatives. Sandra Wheeler is now eight years and nine months old, is a normal child physically and well above the average mentally.

■■■ · The question before us for determination is whether events subsequent to the decree of this court are sufficient to justify change in the decree with reference to the custody and control of Sandra Wheeler. Orders and decrees made ·in respect to the care and custody of a minor child must in their nature be subject to change to meet conditions and circumstances which may arise in the future. Rosa v. Underwood, 235 Ala. 447, 179 So. 530, 535. Of course the burden is on Leslie Wheeler since he seeks a change of custody to show change of conditions. It is important however to keep in mind that the present decree is conclusive of the interest of the child and the rights of the parents so long as the status at the time of the decree continues without material change. White v. White, 247 Ala. 405, 24 So.2d 763.

■■ What is our function and duty in the present proceeding? It is not for us to determine whether there has been a change in conditions sufficient to justify a modification of the decree with reference to the custody of Sandra Wheeler, but we must determine whether there is a sufficient showing here to justify us in granting permission to Leslie Wheeler to file proceedings in the circuit court which seek to modify the decree here made. The petition of Leslie Wheeler here should make an adequate showing of the substantiality of the petitioner's claim to the satisfaction of this court. It should make a full disclosure of the specific facts relied upon and not merely state conclusions as to the nature and effect of such facts. The petition and the proof offered in support thereof must enable this court to ascertain whether the facts alleged would afford at least prima facie just grounds for a petition of modification in the lower court. Finally in the exercise of our discretion in a matter of this kind we should look to the reasonableness of the allegations of the petition and the existence of the probability of the truth thereof. Judged by the foregoing standards, it is our view that the petition, which is sworn to, sufficiently alleges grounds for modification of the decree of this court. Affidavits filed in support of the motion show that Sandra Wheeler will be well taken care of in the home of Leslie Wheeler, her father, through the aid of his mother and his sister. The proof in support of the petition shows that she is a normal child of average intelligence and has repeatedly expressed her desire to live with her father and her own relatives. This is not controlling but under the circumstances is entitled to consideration. · McGrady v. Brown, 230 Ala. 484, 161 So. 475. Other factors, such as the conditions under which she is now living in Albermarle, N. C., in the home of her stepfather, have been set out and need not be here repeated. White v. White, supra.

We are mindful of the fact that the mother Martha Kelley has filed a sworn answer here denying the allegations of the petition and showing in substance conditions at variance with the allegations of the petition, including a showing as to the good character and standing of Ethan Kelley. We refer to these things because we want to make it clear that in granting the petition here made we do not mean in any way to intimate what should be the result of the hearing on the petition in the lower court, but are merely saying that there is enough in the petition to justify us in authorizing the circuit court to hear and determine the issue on the petition for modification. There is no opportunity here for cross-examination and for the thorough sifting of the evidence which must be had before a just determination can be made. These are matters for the trial court.

The petition is granted and proceedings for modification may be instituted in the lower court.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.