57 So.2d 517

### NICHOLS v. PELHAM.

#### 7 Div. 110.

Supreme Court of Alabama.

March 13, 1952.

Patterson & Patterson, Phenix City, for appellant.

C. W. McKay, Jr., Sylacauga, for appellee.

FOSTER, Justice.

This is a suit in equity by the father of two children against their mother, in which the custody of the children was awarded to the father. The mother is appellant in this Court.

The parties were divorced on June 16, 1949, by decree of the Russell County Circuit Court, in Equity, at the suit of appellant on the ground of voluntary abandonment. The decree made no provision for the custody of the children nor for their maintenance and support. It was evidently rendered without resistance. The children were then with their father, the appellee, in Sylacauga, Talladega County, Alabama, where he had a job. The parents had resided together in Phenix City, Russell County, but had moved to Sylacauga where he was employed. They had marital difficulties and the wife returned to Phenix City in October 1948, taking the children with her. The husband went to Phenix City on December 27, 1948, but left the children with her when he returned to Sylacauga. On February 7, 1949, the wife brought the children to Sylacauga and turned them over to the husband, and he has had them ever since. One child is an eleven year old girl, and the other a six year old boy. There was conflict in the evidence as to what she said when she brought the children back to him.

After the divorce was rendered appellant remarried. She lives with her husband in Phenix City, where he is a taxi driver by trade. At the time of the trial he was a G. I. student at a business college, receiving compensation from the United States. They maintain a home in Phenix City, with no one living with them. She works at Woolworth's in Columbus which is across the river from Phenix City. Appellee has not remarried, and has an apartment at Sylacauga, where he is employed at the Avondale Mills. There was much evidence before the trial judge taken ore tenus. This evidence related to the character, conduct and surroundings of the parties, and the habits and care of the children. The evidence showed the children attend school and Sunday School. There was much evidence as to their conduct and appearances.

The eleven year old girl testified she preferred to continue to live with her father.

There was evidence that appellee was of good character, with none to the contrary, but the evidence as to appellant was not so complimentary.

The trial court rendered a decree awarding the custody of the children to appellee, with provision for visitation of them by appellant, giving her the right to take them with her when it would not interfere with their school attendance; but that before doing so she would be required to execute bond for their safe return to appellee.

The two questions are whether the custody of the children should have been awarded to appellant, with the right to visit appellee; or, if not, whether appellant should have been required to make bond for their safe return from visits to her in Phenix City. The first is a very delicate and difficult one. Prima facie, the children should be awarded to the mother, considering their age and need of a mother's care. But that gives way when the court is of the opinion that it would be best for the children to award them to the father. Section 35, Title 34, Code. Such was the opinion of the trial court. We need not rehearse the evidence to support that conclusion. It was justified by the evidence.

We come then to the requirement that appellant should give bond for the safe return of the children from visits to her. Appellant complains that such bond is usually not required unless the children are to be moved out of the State, and that there is no such proposal by her. Our cases seem to relate to that status. Piccola v. Piccola, 251 Ala. 483, 38 So.2d 12; Wheeler v. Wheeler, 249 Ala. 119, 29 So.2d 881; Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561. But there is no statute nor precise rule in that respect.

It is the duty of the court to shape its decree so that it will reasonably retain jurisdiction to make such modification as changed conditions may justify and have the child or children within its power in that respect. Usually this does not require a bond on the part of the parent to whom the custody of the children is given temporarily, to be returned after a time to the other parent, when the circumstances do not indicate a probability of a removal of them from the State and power of the court.

There is authority to sustain the position that where there is a fair suspicion of real danger that the parent, the custodian of the children, may remove them from the jurisdiction of the court, it may require security to insure against such removal. 17 Am.Jur. page 513, section 676, note 10. It is apparent that the judge in requiring a bond on the part of the mother was acting upon that principle.

In the present instance, as we have said, the appellant, the mother of the children, resides in Phenix City, Russell County, across the river from Columbus, Georgia, where she is employed. She has no one at her home in Phenix City with whom to leave the children during her absence while at work.

We cannot say from the evidence there was no reasonable ground for suspicion of real danger in that respect. We believe, however, it would be better to award the custody of the children to appellant for the three vacation months from their school (June, July and August of each year), leaving them with appellee during the balance of each year, until further orders of the circuit court. But before such award of custody to appellant shall become effective, she should execute bond in the amount, with surety, conditioned and approved as provided in the final decree. Such a bond need not be given each year, if one is given which is broad enough to cover subsequent years.

This Court consents for the Circuit Court, in Equity, of Talladega County to exercise jurisdiction in respect to any further controversy between the parties as to the custody of the children on account of changed conditions, if any should arise, and the enforcement of the decree of that court as here modified. Wheeler v. Kelley, 255 Ala. 614, 52 So.2d 700; Wheeler v. Wheeler, 254 Ala. 611, 49 So.2d 219; Brown v. Olsson, 252 Ala. 670, 42 So.2d 619.

116

The decree of the circuit court, in equity, is modified to the extent indicated above, and as modified is affirmed.

Modified and affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.