108 So.2d 340

**Ernest L. RYAN**

v.

**Elsie Roberts RYAN.**

6 Div. 374.

Supreme Court of Alabama.

Jan. 15, 1959.

Roy D. McCord and L. D. Martin, Gadsden, and Jack Martin Bains, Oneonta, for appellant.

Johnson & Randall, Oneonta, for appellee.

LAWSON, Justice.

Mrs. Elsie Roberts Ryan filed her bill in the Circuit Court of Blount County, in Equity, against Ernest L. Ryan, then her husband, for an absolute divorce, the custody of her child, alimony, and for other relief. The husband filed a cross bill wherein he sought a divorce on the ground of adultery. The case proceeded to a final decree, entered on the 5th day of October, 1954, wherein Mrs. Ryan was granted a divorce on the ground of cruelty. That decree also awarded the custody of the minor child to Mrs. Ryan, imposed a resulting trust in her favor upon certain property, and awarded to her temporary and permanent alimony, as well as attorney's fees. From that decree the husband, Ernest L. Ryan, appealed to this court. Temporary alimony pending appeal in the amount of $200 a month was later reduced by the trial court to $100 a month. We affirmed on May 29, 1958. Application for rehearing was denied on August 28, 1958. Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700.

Thereafter, on September 10, 1958, the husband, Ernest L. Ryan, filed in the Circuit Court of Blount County, in Equity, his "Petition," wherein the prayer for relief reads:

"Petitioner prays that this Honorable Court will modify the decree of October 5, 1954, Exhibit 1–A, and the decree of January 29, 1955, set out as Exhibit 2–A hereto by striking therefrom the order for the Petitioner to pay the respondent the said $100.00 per month alimony between October 5, 1954 and the ruling by the Supreme Court in said cause; by striking therefrom the order to Petitioner to pay the respondent the sum of $7,000.00 as Alimony in Gross; by striking there-

from the order for the Petitioner to pay the Respondent the sum of $3,000.-00 as the amount of a resulting trust; by striking therefrom the interest on all of these amounts.

"Your Petitioner further prays for such other, further and different relief as your Honor deems just under the circumstances and change of conditions as set out in this bill of complaint."

On the day that the "Petition" was filed the trial court ordered "* * * that said petition be set for hearing on 3 day of October, 1958, at the Court House, Blount County, Alabama."

On September 13, 1958, Mrs. Elsie Roberts Ryan, who was designated as respondent in the "Petition" filed by Ernest L. Ryan on September 10, 1958, filed a motion to strike the "Petition."

· The trial court on October 25, 1958, granted Mrs. Ryan's motion and decreed "that the said petition of the said Ernest L. Ryan be, and the same is hereby, denied and stricken from the files in this case." The basis of this action is set out in the decree, from which we quote:

"This cause coming on to be further heard was submitted for decree upon the motion of the complainant, Elsie Roberts Ryan, to strike from the files in this case that certain petition filed by the respondent, Ernest L. Ryan, seeking to set aside, modify, or change the final decree rendered in this case on the 5th day of October, 1954, which case was appealed by the said Ernest L. Ryan to the Supreme Court of Alabama and was, by the Supreme Court of Alabama, affirmed. And the same being considered and understood by the Court, the Court is of the opinion that it does not now have jurisdiction or authority to set aside, modify or change said decree, and that said motion of the said Elsie Roberts Ryan should be granted and that said peti-

tion of Ernest L. Ryan should be stricken from the files in this case."

From the decree of October 25, 1958, Ernest L. Ryan has appealed to this court.

In the opinion in Ryan v. Ryan, supra, there is no mention of remandment for any purpose. However, in the decree of this court, entered on May 29, 1958, appears the following provision: "It Is Further Considered, Ordered, Adjudged and Decreed that this cause be and is hereby remanded to the Circuit Court, in Equity, for the enforcement of all the terms of the decree of that Court and all the terms of the decree of this Court."

Remandment was ordered so that the terms of the decree of the trial court, as affirmed, and the decree here rendered awarding attorney's fees could be enforced, including the issuance of executions, without resort to this court. Remandment was not ordered for the purpose of enabling the trial court to modify or alter those terms of its decree which we had affirmed and which, thereby, became merged with the decree of this court.

Those provisions of the trial court's decree which were affirmed here having become merged with the decree of this court are beyond the power of the trial court to alter or modify without authority from this court. Wiswell v. Munroe, 4 Ala. 9; Stephens v. Norris, 15 Ala. 79; Norris v. Cottrell, 20 Ala. 304; Lapsley v. Weaver, 44 Ala. 131; McArthur v. Dane, 61 Ala. 539; Werborn v. Pinney, 76 Ala. 291; Thomason v. Gray, 84 Ala. 559, 4 So. 394; Ex parte Henderson, 84 Ala. 36, 4 So. 284; Herstein v. Walker, 90 Ala. 477, 7 So. 821; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 So. 1026; (Ex parte State) In re Newton, 94 Ala. 431, 10 So. 549; Dodson v. Beaird, 237 Ala. 587, 187 So. 862; Brown v. Olsson, 252 Ala. 670, 42 So.2d 619; Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580. See Wheeler v. Wheeler, 254 Ala. 611, 49 So.2d 219; Wheeler v. Kelley, 255 Ala. 614, 52 So.2d 700; Nichols v. Pelham, 257 Ala. 113, 57 So.2d 517.

Under the authorities cited above, the trial court was without jurisdiction to modify the terms of its decree which had become merged with the decree of this court and, therefore, correctly struck the "Petition" to modify.

The order striking the petition to modify will not support the appeal. Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214. Appellee's motion to dismiss the appeal is granted.

Appeal dismissed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.