280 So.2d 558

In re Lucille K. MULLIS, formerly
Lucille K. Caldwell

v.

James H. CALDWELL.

Ex parte James H. CALDWELL.

James H. CALDWELL

v.

Lucille K. MULLIS, formerly
Lucille K. Caldwell.

Nos. Civ. 28, Civ. 104.

Court of Civil Appeals of Alabama.

June 27, 1973.

Pope & Floyd, Ferrell & Bennett, Phenix City, for appellant-petitioner.

Johnson & Avary, Lanett, for appellee.

## ON REHEARING

BRADLEY, Judge.

On our original hearing of this cause an opinion was rendered by this court affirming in part the trial court's decree of August 18, 1972 and quashing in part the contempt citation of the same date. Also in that opinion we declined recognition of any appeal taken or attempted to be taken from the decree of the trial court dated March 23, 1972.

Appellant filed application for rehearing pointing out certain alleged errors and arguing that we misconstrued in our original opinion his statements as to other portions of his argument.

Upon further consideration and in light of the application for rehearing, we now conclude that the application for rehearing should be granted and our original opinion set aside. See Holcomb v. Escambia County Hospital, 291 Ala. 114, 278 So.2d 699.

The parties to this appeal were divorced by a final decree of the Circuit Court of Barbour County on the 29th of September 1966. Incorporated into that decree was an agreement of the parties which provides in part as follows:

"6. The Respondent shall, except as otherwise provided herein, pay to the Complaint (sic) for the support and maintenance of each child the sum of $100.00 per month, one-half (½) of such payments being due and payable on the 1st day of each month hereafter, until such child marries, dies, or reaches the age of 21 years; if, however, such child shall be in college at the time he or she reaches the age of 21 years, such payments shall continue until such child has finished a normal four years of college; provided, however, that during any months that any such child shall be attending college or school, the sums payable to Complainant by this paragraph shall be governed by Paragraph 7 hereof.

"7. If any of the children of the parties continues their education at a college level, the Respondent shall then pay to the Complainant the entire cost of such education, including room, board, tuition, living and clothing allowance, and a reasonable amount for books, laboratory fees and similar items, in lieu of the provisions in Paragraph 6 above."

Apparently the terms of the decree were complied with until the latter part of 1969. The appellee wife petitioned the trial court in February 1971 asking for a rule nisi to be issued to the appellant requiring him to pay her certain sums for the support of the oldest child, Carol, who had been a student at Auburn University. A decree was rendered by the court on April 20, 1971, ordering appellant to pay the amount of $1,198.26 then due for the support and maintenance of Carol. Apparently appellant complied with this decree.

On October 13, 1971 appellee again filed a petition in the trial court seeking a rule nisi to be issued to the appellant requiring him to show cause, if any he had, why he should not be held in contempt for failure

to comply with the decree of 1966 by providing support and maintenance for his daughter Carol. The rule was issued and the matter was set down for hearing. Thereupon the appellant filed a petition to modify the decree of 1966 mainly on the ground that he was unable to comply with that part of the former decree requiring him to pay Carol's college expenses. Appellant alleged that he had remarried and incurred considerable financial obligations after Carol notified him that she wanted to quit school. Appellant averred that he persuaded his daughter to complete the 1969 fall quarter at Auburn University so that if she wished to return she would be eligible to do so. Carol did complete the fall quarter but dropped out until the winter quarter beginning in January 1971. During the time that she was not in school, Carol worked for the Columbus Ledger-Enquirer. Appellant contends in his petition to modify that since his daughter interrupted her college studies and became self-supporting, he was no longer obligated to support her according to the terms of the 1966 decree.

The appellant's petition to modify was amended, and appellee answered appellant's said petition and amended her petition to show cause. She also filed a petition to modify the 1966 decree mainly to obtain from the court a decree requiring the appellant to pay to her for Carol's college education the sum of $215 per month for the remainder of time it takes Carol to obtain her bachelor's degree.

After a hearing of the complaints on January 14, 1972 the trial court on March 23, 1972 handed down an order which was filed in the register's office on the same day, requiring appellant to pay to appellee the sum of $1,225.27 which had accrued since July 1971, plus any sums which had become due since the date of the hearing on January 14, 1972. The court also ordered that henceforth the appellant would be required to pay toward Carol's education the fixed sum of $200 per month until she receives her bachelor's degree. Attor-

ney's fees were fixed at $375. Appellant was given thirty days to pay one-half of the $1,225.27 and sixty days to pay the remainder.

In this order the trial court also stated that the matter of a final decree in this cause would be held in abeyance for sixty days with jurisdiction being expressly retained for that purpose.

On April 21, 1972 appellant filed application for rehearing of the March 23 order. On April 22, 1972, the thirtieth day following the order of March 23, 1972, an order was entered setting the application for rehearing for hearing on May 8, 1972, and staying or suspending the order rendered March 23 pending ruling on that application.

On May 2, 1972 appellee filed a motion seeking the additional sum of $511.06 as college expenses for the support of Carol accruing since the January 14, 1972 hearing and praying that appellant be punished for contempt of court or a rule nisi be issued.

The matters were consolidated and heard on May 8, 1972.

On May 23, 1972 a petition was filed by appellee seeking additional attorney's fees for services performed pursuant to this cause subsequent to January 14, 1972.

On August 18, 1972 the trial court entered an order denying the application for rehearing; ordering appellant to pay appellee the sum of $1,744.63, expenses for Carol's education; ordering appellant to pay the attorneys of appellee the sum of $1,075 attorney's fees, including the amount allowed in the decree of March 23; citing appellant in contempt for refusing to obey the orders of the trial court; allowing appellant ten days in which to pay the amounts declared to be due; and assessing costs against appellant.

On August 25, 1972 appellant was given an extra eight days in which to pay the amounts declared due.

**512**

On September 25, 1972 appellant filed a notice of appeal and bond for costs of the appeal with the register from the order of August 18, 1972.

The appellant had on August 24, 1972 filed in this court a petition asking for the issuance of a writ of certiorari to review and revise the order of the Circuit Court of Barbour County of August 18, 1972 holding him in contempt of court. The writ was issued on August 31, 1972.

By stipulation of the parties, the appeal, motion for attorney's fees and certiorari to review the contempt have been consolidated in this court for decision.

### Appeal on the Merits

On original hearing of the appeal to this court, we cited the review sought by appellant as stated by appellant in his brief as follows:

" . . . In the order of August 18, 1972 the court denied the appellant's application for rehearing, ordered that the appellee recover of the respondent the sum of $1,744.63, ordered the appellant to pay the appellee's attorneys the sum of $1,075.00 attorneys fees, which sum included that amount allowed in the decree of March 23, 1972, found that the appellant was in contempt of court, ordered that the appellant be confined in the Barbour County jail unless he complied with the order within ten (10) days, and taxed the proceedings against the appellant. (TR. 17, 18, 19). *From the order of August 18,* entered by the court, *the appellant* herein *filed* its *petition* for common law writ of certiorari *to review or revise that portion of the court's order adjudging the appellant in contempt and ordering his confinement and further took an appeal from that portion of the decree* of the court *denying the application for rehearing.* (TR. 19, 20). This court did grant the motion for common law writ of certiora-

ri and ordered a consolidation with the appeal." (Emphasis added.)

Taking appellant at his word that appeal was taken only from that portion of the order of August 18 denying the application for rehearing, we then noted that we understood that no appeal was being taken from the order of March 23 and held that a decree overruling an application for rehearing is not appealable.

On rehearing appellant argues that we misunderstood his original intention and that he was appealing from the entire order of August 18 and assigning errors referable to the orders of both August 18 and March 23. As we understand the argument made in support of these contentions, appellant now says that both orders are final decrees; and that where there are two final decrees entered in a cause and an appeal is taken from the second decree before the running of the time for appeal from the first, errors may be assignable referable to each. He also argues that an order overruling an application for rehearing which modifies the original decree is an appealable order.

Assuming, but not deciding, that these arguments are related to each other and applicable to the present case we will, on this basis, examine appellant's assignments of error.

■ On appeal on the merits appellant makes eleven assignments of error directed both to the proceedings by the trial court leading to the orders of March 23, 1972 and August 18, 1972 and to the orders themselves. Of these assignments, eight, according to the page numbers of the record to which the assignments are referred, present no ruling by the trial court. These assignments, numbers 1, 2, 5, 6, 7, 8, 9 and 10, therefore present nothing for review by this court. See Adrian v. Lockridge, 285 Ala. 222, 231 So.2d 95.

The remaining assignments 3, 4 and 11, are directed to the orders of the trial court dated March 23, 1972 and August 18, 1972.

■ Assignment three, directed to the order of August 18, 1972, states as ground for error:

"3. For that the Court erred in decreeing that the appellant-respondent should assume the full financial obligation for the college education of the said Carol Caldwell after December, 1969."

We have carefully examined the decree of August 18, 1972 and find no such ruling. Construing the order of August 18 with the order of March 23, we still find no such ruling.

The assignment states that the appellant-respondent is responsible for the full financial obligation for the college education of his daughter Carol. The orders actually state that appellant-respondent is liable for all arrears owed under Paragraph 7 of the original divorce decree and set a specific amount for which appellant-respondent will be responsible in the future. In addition, the trial court specifically found in the order of March 23, 1972 that appellant's future obligation for the college education of his daughter Carol was only to the extent of $200 per month. Nowhere in either order is it stated that appellant-respondent should be responsible for the full obligation for Carol's education beyond the date of the March 23 order.

Further in response to appellant's argument that he is unable to meet the financial burden of Carol's college expenses subsequent to her having re-entered Auburn University and prior to the petition for modification leading to the order of March 23, we would state that such expenses constitute arrears in appellant's support payments for this child under Paragraph 7 of the original divorce decree.

■■ Amounts due in support payments which have matured prior to a petition to modify are immune from change. Scott v. Scott, 265 Ala. 208, 90 So.2d 813. And parties to a decree may not change or modify said decree merely by agreement between themselves.

■ Assignment of error four, made referable to the order of March 23, 1972, states as ground for error:

"4. For that the Court erred in decreeing that the appellant-respondent must pay the sum of $200.00 per month to appellee complainant for the duration of six (6) college quarters after the said Carol Caldwell attains the age of 21 years."

There is no such ruling in the order of March 23. We find nothing in that order relative to either the age of Carol Caldwell or the number of quarters remaining for her to complete her bachelor's degree. The order in fact allows $200 per month only while Carol remains in college. If she chooses to drop out again, appellant would not be liable for her support for the period during which Carol was not enrolled in college. Having found no ruling by the trial court as stated in this assignment to the order of March 23, 1972, we find nothing for review in this assignment.

■ Nor do we find any ruling by the trial court for review in assignment eleven wherein appellant states as ground for error:

"11. For that the Court erred in awarding an attorney's fee or any portion of an attorney's fee to the solicitor of Appellee-Complainant for that portion of his services rendered in filing the petition for a rule nisi."

This assignment is directed to the order of August 18, 1972 in which we find no statement by the trial court relative to attorney's fees for a petition for rule nisi. Attorney's fees are awarded in that decree in a lump sum of $1,075 which sum is stated to include that amount awarded in the March 23, 1972 order. There is nothing in the decree which can be interpreted as a ruling allowing attorney's fees for a petition for a rule nisi. We therefore con-

clude that nothing is presented by appellant in assignment eleven for this court to review.

Appellant, in his eleven assignments, has presented no ruling by the trial court for this court to review on appeal.

## On Certiorari

The other aspect of this case is the request by appellant, now petitioner, to review the contempt order by way of certiorari.

■ Where the person found in contempt is not incarcerated, the proper method of review of that order is certiorari. Jordan v. Jordan, 266 Ala. 386, 96 So.2d 809; Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43. The petitioner was not in custody at the time the petition seeking issuance of the writ of certiorari was filed in this court; hence the method of review sought in this court is correct.

In the petition for certiorari the major allegations are that, because petitioner was financially unable to comply with the order of March 23, the trial judge erred in adjudging the petitioner in contempt of court for failure to comply with said order; and that the facts adduced at the hearing supportive of the March 23, 1972 order clearly showed that Carol terminated her college education in the latter part of 1969 and petitioner was then no longer obligated to abide by the provisions of the 1966 decree. It was also alleged that the trial court erred in awarding attorney's fees not only for the services rendered for the contempt citation, but also for services performed in regard to the petition for modification.

In brief petitioner argues, in effect, that because he could not be required to furnish support for Carol after she attained twenty-one years, the trial court erred in its March 23, 1972 order by holding that petitioner was in arrears in his support payments for Carol's college education; hence he could not be held in contempt. Peti-

tioner argues that by so holding, the trial court exceeded its jurisdiction.

Petitioner also contended that the trial court erred in its March 23 order by not modifying the 1966 decree to the extent that petitioner would be relieved of any further support of Carol for the reason that he was financially unable to further support her.

The trial court did in the March 23 order modify its 1966 decree to the extent that petitioner was required to contribute the *definite* amount of $200 a month to Carol's support while in college rather than all of her college expenses.

We have affirmed the March 23, 1972 order adjudging petitioner in arrears in his payments to complainant for his daughter's college expenses. The issues now being raised were decided by that order and nothing therefrom was adequately presented for our review.

For the same reasons we are not now concerned with these questions as raised as to the order of August 18, 1972.

Consequently we are now concerned only with the hearing of May 8, 1972, leading to the contempt order of August 18, 1972, and with that order itself; and with whether petitioner had a legitimate excuse for not having paid the amounts adjudged to be due by the March 23, 1972 order.

The sole and only reviewable decree is that which adjudges petitioner to be in contempt. Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43; Fields v. City of Fairfield, 273 Ala. 588, 143 So.2d 177, rev'd on other grounds, 375 U.S. 248, 84 S.Ct. 360, 11 L.Ed.2d 311.

Our Supreme Court in Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 176 So.2d 483, said:

"When we review the proceedings of an inferior tribunal on common law writ of certiorari, and the record shows jurisdiction and that the proceedings were

valid and regular, the order of the lower tribunal should be sustained if there is any substantial evidence to support the order. Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148; Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337.

"The supervisory jurisdiction of the court on certiorari is restricted to an examination into the external validity of the proceeding had in the lower tribunal. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. In this respect the supervisory powers of the court should not be confused with its appellate jurisdiction. And when the court examines the evidence, it does so, not to determine the probabilities preponderate one way or the other, but merely to determine whether the evidence will justify the finding as a legitimate inference from the facts proved regardless of whether such inference would or would not have been drawn by the appellate tribunal Byars v. Town of Boaz, 229 Ala. 22, 155 So. 383; Ex parte Watkins, 268 Ala. 567, 109 So.2d 671, 10 Am.Jur., Certiorari, Sec. 3, pp. 525, 526."

■ The pleadings resulting in the August 18 order, the August 18 order and the March 23 order are contained in the record now before this court. They show on their face that the trial court had jurisdiction of the parties and the subject matter. As pointed out in the *Alabama Power Company* case, where this situation is evident, the trial court's decree should be sustained if there is substantial evidence to support it. In the instant case such a determination cannot be made for the reason that the testimony adduced at the May 8 hearing resulting in the August 18 decree is not before this court. Where the evidence heard by the trial court and on which the trial court based its decision is not before the reviewing court, the assumption made by the appellate court is

that the decree is supported by the evidence. Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461; Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321. Hence we conclude that the August 18 order holding petitioner in contempt is supported by the evidence.

■ The only remaining area for examination by this court is the external validity of the proceedings had in the trial court culminating in the August 18 order. The intrinsic correctness of the August 18 order, either on the law or facts, is not available for review by this court. See *Alabama Power Co., supra.*

The March 23, 1972 order required petitioner to pay one-half of $1,225.27 found to be due within thirty days and the remaining one-half within sixty days, plus any other amounts which might have accrued and remain unpaid since January 14, 1972, and petitioner was ordered to pay $375 as attorney's fees.

The face of the record shows that on April 21, 1972 petitioner filed application for rehearing of the March 23 order. On April 22, 1972, the thirtieth day following the order of March 23, an order was entered by the trial court setting the application for hearing on May 8, 1972, and staying or suspending the order of March 23 pending ruling on that application.

Respondent-appellee's petition for contempt or rule nisi was filed May 2, 1972 following the stay order of April 22.

The March 23 order did not again become effective until August 18, 1972, the day of the ruling on the application for rehearing.

■ We therefore conclude from the face of the record, that petitioner was found to be in contempt on August 18, 1972 for failure to pay money which was, under the March 23 order and April 22 stay order, not due until August 18, 1972. Appellant could not be held in contempt until August 19, 1972 for failure to pay the first one-half of the money said to be due under the March 23 order.

The same rationale applies to the second half of the payment ordered under the March 23 order. Only twenty-nine days had passed, taking into account the stay order of April 22. August 18 continued the running of the thirtieth day. Under the order of March 23, petitioner still had thirty days to make payment before he could be held in contempt. Note however, that the August 18 order modified the March 23 order by declaring all moneys to be due and payable on August 18 and allowing petitioner ten days in which to pay all money said to be owed.

As to the $700 additional attorney's fees awarded in the order of August 18, the petition for such fees was filed on May 23, 1972, subsequent to the hearing of May 8 but several months prior to the order of August 18. Respondent mailed a copy of this certified petition to petitioner, but there was no response.

In Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637, our Supreme Court stated that an award of attorney's fees will not be reversed merely because there is no proof of the reasonableness thereof and that the trial court may use its judgment and discretion in awarding such fees. We find no abuse of this discretion.

However, we do find that the citation for contempt for failure to pay both the original and additional fees is due to be quashed under the same rationale as applied to the contempt citation as to support.

For the trial court to have authority to punish for a constructive contempt, such as we have in the case at bar, the offending party must be given notice of the charge and an opportunity to defend. Ex parte Bankhead, 200 Ala. 102, 75 So. 478. The petitioner has not had an opportunity to defend himself against the charge that he is in contempt for failing to pay attorney fees adjudged to be due by the August 18 order; and the remaining money said to be due under the March 23 order and August 18 order. Hence the requirement of the law has not been met in this instance.

Consequently, that part of the August 18, 1972 order holding petitioner in contempt is due to be quashed. The remaining portions of the August 18 order and the entire March 23 order are due to be affirmed.

Appellee-respondent has requested attorney's fee for the representation she has received by her attorney in this court. As originally decided, we consider the sum of $350 to be reasonable for such services, and hereby award her $350 as attorney's fees to be paid by petitioner.

This court consents for the Circuit Court, in Equity, of Barbour County to exercise jurisdiction, as to any matter for which such consent should subsequently be required, Ryan v. Ryan, 268 Ala. 490, 108 So.2d 340, including (1) the rendering of a final decree with respect to the March 23 and August 18 orders; (2) any further controversy between the parties as to the support and maintenance of the petitioner's child Carol, if any should arise; and (3) the enforcement of the orders of the trial court as here corrected. See Nichols v. Pelham, 257 Ala. 113, 57 So.2d 517.

The order of March 23, 1972 is affirmed. The order of August 18, 1972 is affirmed in part and quashed in part.

Rehearing granted. Original opinion and judgment set aside. Affirmed in part and quashed in part.

WRIGHT, P. J., and HOLMES, J., concur.