311 So.2d 319

**Alto L. JOHNSON**

**v.**

**Betty Jane JOHNSON.**

**Civ. 485.**

Court of Civil Appeals of Alabama.

April 9, 1975.

J. Earl Smith, Dothan, for appellant.

James F. Martin, Dothan, for appellee.

BRADLEY, Judge.

The appeal, as gleaned from the notice of appeal, the certificate of appeal filed by

the register of the Houston County Court and the appeal bond, is from a judgment of the Houston County Court rendered on September 18, 1974 in the proceedings styled: Betty Jane Johnson, Complainant v. Alto L. Johnson, Respondent, finding said respondent in contempt of court.

The decree appealed from adjudged appellant in contempt of court for failure to carry out certain provisions of a prior divorce decree. The decree was in response to a petition for the rule nisi. The appellant here was given sixty days to comply with the contempt order or be incarcerated in the Houston County jail. The appeal was taken within the sixty day period.

The first question to be decided, which appears to be decisive of this appeal, is whether or not an appeal will lie from a judgment of contempt.

We said in Hardy v. Hardy, 46 Ala.App. 249, 240 So.2d 598:

"Contempt proceedings are not reviewable by appeal. The proper method of review is by certiorari if the party is not in prison, or by habeas corpus if the party is in prison. [Citations omitted.]"

We also said in Mullis v. Caldwell, 50 Ala.App. 508, 280 So.2d 558, that:

"Where the person found in contempt is not incarcerated, the proper method of review of that order is certiorari. . . ."

The appellant having failed to pursue the proper method of review in this court —writ of certiorari—we are without jurisdiction to entertain the appeal heretofore filed and it must be dismissed. Wetzel v. Bessemer Bar Ass'n., 242 Ala. 164, 5 So.2d 722.

Appeal dismissed.

WRIGHT, P. J., and HOLMES, J., concur.