Battle, J.
 

 The facts of this case are left in very little doubt by the testimony. The depositions of Thomas D.
 
 *172
 
 Kelly and William P. Waugh, the letter from the defen. dant, Martin, to the plaintiff, written the 23d of August 1842, and the receipt given by the said defendant to the plaintiff’s agent, Peden, on the 25th of December in the same year, expressed to be towards the redemption oí the land, satisfy us that the defendant, Martin, purchased the said land, under the execution in his favor, not absolutely for himself, but to hold the same merely as a security for his judgment, and for whatever other sum might be found to be due to himupon a settlement, subseqently to be had with the plaintiff. We are satisfied further, that he made representations to that effect, at the time of sale, which prevented the plaintiff’s lessee, Kelly, or some other friend at his instance, from stopping the sale by paying off the amount due on the executions, or buying in the land for the plaintiff, and enabled the defendant, Martin, to purchase it at an under-value. In either case, it would be a gross fraud upon the plaintiff if the said defendant were permitted to set up an absolute title to the land, which it is the duty of a Court of Equity to prevent, and, in the way of preventing which, the act, making void parol contracts for the sale of land, docs not stand.
 
 Turner
 
 v.
 
 King
 
 2 Ire. Eq, Rep. 132. The plaintiff, then, would be entitled as against the defendant, Martin, to redi era the land, upon paying him whatever might be found to be due upon a general account. That being so, the plaintiff has the same right of ledemption against the other defendants, Smith and Iiackett, because they were purchasers at the sale under an execution against the defer,dant, Martin. They purchased the. land, sub* jeetto all the equities against him, whether they had any knowledge of such equities or not.
 
 Freeman
 
 v. Hill, 1 Dev, & Bat. Eq. Rep. 389.
 
 Polk
 
 v. Gallant, 2 Dev. & Bat. Eq. Rep. 395.
 
 Rutherford
 
 v.
 
 Green.
 
 2 Ire. Eq. Rep. 121. The plaintiff is, therefore, entitled to a decree for the redemption of the tract of land, mentioned in the
 
 *173
 
 pleadings, upon paying to the defendants, Smith and Hackett, whatever sum may be found to be owing from him to the defendant Martin, with interest thereon, deducting therefrom whatever amount the said Martin and the other defendants have received from the rents and profits of the said land. And to ascertain these rents and profits, as well as the sum due and owing from the plaintiff to the defendant, Martin, there must be a reference to the clerk of this Court.
 

 Per Curiam.
 

 Decree accordingly.