PER CURIAM.
Petitioners John T. Roach, Jr., and The Legal Center, Inc.[1], ask this Court to issue a writ of mandamus or alternatively a writ of prohibition against the Honorable William C. Barber, Judge of the Circuit Court of Jefferson County.
After remand by this Court of the cause in Roach v. Bynum, 403 So.2d 187 (Ala.1981), Frank K. Bynum and James D. Forstman gave notice to Roach of a shareholders’ meeting of The Legal Center, Inc. Roach promptly issued himself 500 shares of Legal Center stock, purporting to make himself majority stockholder.[2] After the meeting, Roach refused to acknowledge the new bylaws adopted by Bynum and Forst-man, continued to hold himself out as president of the corporation, and would not hand over the corporate records for inspection and accounting.
Bynum and Forstman filed a “petition for relief” in the Circuit Court for the Tenth Judicial Circuit of Alabama, Equity Division, civil action number CV-77-502-147-WCB (the same action from which the prior appeal was taken). This petition for relief sought to have Roach’s attempted issuance of stock to himself declared null and void, to have Roach enjoined from interfering with Bynum’s efforts to have an accounting, and other similar relief. Roach responded by filing a motion to strike or dismiss the petition for relief. The Court held a hearing on the motion to strike, denied it, and set a hearing on the petition for relief. Roach thereupon petitioned this Court to issue a writ ordering the trial court to grant Roach’s motion to strike.
The thrust of Roach’s motion to strike is that the prior decision of this Court in Roach v. Bynum, supra, effectively closed this case and therefore Bynum and Forst-man cannot institute any further proceedings without filing a new action. He claims that although this Court reversed the prior judgment in part and remanded the cause, the only permissible action the trial court could take upon remandment would be to issue an order denying the prayer for dissolution of the corporation, because the trial court’s order was affirmed except as to .the dissolution.
This argument is without merit because (1) the trial court expressly retained jurisdiction in its prior order; (2) Bynum and *82 Forstman’s complaint sought an accounting, which was granted as part of the dissolution and now must be sought anew; (3) “When this court reverses and remands without further direction, the trial court may, in the exercise of sound judicial discretion, permit further pleadings and proof as justice and equity dictate.” Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974). The cases cited by Roach are distinguishable. In Brown v. Olsson, 252 Ala. 670,42 So.2d 619 (1949), the cause was rendered in the first appeal, and the prior remand in Costellos v. Jebeles, 406 So.2d 393 (Ala.1981) had “included instructions to the trial court to fashion a remedy” (Id., p. 394), in accordance with law, so no reopening of the facts was necessary or permissible. No such instructions were given in this cause; so the trial court may entertain the petition for relief. Therefore, the instant petition is denied.
WRIT DENIED.
TORBERT, C. J., and MADDOX, AL-MON, SHORES, BEATTY and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., recuse themselves.
JONES, J., not sitting.

. Hereinafter we attribute the actions of petitioners to Roach, for convenience.

. Roach had previously issued himself ten shares.