This is the third appearance for this case before this Court in the last three years. The history of this case, a shareholder dispute involving a closely-held corporation, is well summarized in this Court's two previous opinions. See,Roach v. Bynum, 403 So.2d 187 (Ala. 1981), and Ex parte Roach,414 So.2d 80 (Ala. 1982).
On December 14, 1981, after this Court's opinion in the first appeal was announced and the cause was remanded, plaintiffs Frank Bynum and James Forstman filed their second petition for relief in this case, seeking to obtain from defendant John Roach, inter alia, physical control of the books, records, and assets of the defendant corporation, Legal Center, Inc. (the corporation). Roach's attempts to dismiss plaintiffs' petition were unsuccessful, and his petition for writ of mandamus was denied by this Court. Ex parte Roach, supra. On June 3, 1982, Roach filed both his answer to the petition and a counterclaim, in which he sought specific performance of the Stock Redemption and Shareholders Agreement by having Bynum and Forstman sell all of their shares back to the corporation. The trial court made a finding of facts and entered a final decree, in which it ordered Roach to turn over all books, records, and assets of the corporation, and enjoined Roach from interfering with actions taken by the directors of the corporation. The trial court's final order also ratified the new bylaws adopted by Bynum and Forstman, as directors and majority stockholders of the corporation; required Roach to return 510 shares of the corporate stock; and dismissed Roach's counterclaim and held the Stock Redemption and Shareholders Agreement, upon which his counterclaim was based, to be unenforceable.
From this final order of the trial court, the corporation and Roach now appeal. We affirm.
In Roach v. Bynum, supra, this Court held that the bylaws of the corporation, which vest the authority to manage the affairs of the corporation in the president, conflicted with the statutes and with the articles of incorporation and, therefore, were void; secondly, that the bylaw which mandated a shareholder's vote of seventy percent was void and, unless the Corporation Act imposes a different requirement, a simple majority vote of the quorum present at a shareholder meeting was all that was necessary to validly transact shareholder business; and thirdly, that the bylaws which required a seventy percent shareholder vote to alter, amend, or repeal existing bylaws or to adopt new bylaws were void. We reversed the trial court's holding that the corporation be dissolved on the grounds that it was hopelessly deadlocked and remanded the cause for further proceedings, holding that "the shareholders themselves hold the power to break any deadlock which may have arisen from Legal's existing bylaws."
The cause was remanded on August 28, 1981. On September 24, 1981, Bynum and Forstman delivered to Roach a call and notice of a special meeting of shareholders *Page 71 
to be held on October 5, 1981, for the following purposes:
(1) To consider and act upon a proposal to repeal the existing bylaws of the corporation and to adopt new bylaws, a copy of which was attached;
(2) To remove from the board of directors all of the present directors of the corporation;
(3) To elect three members of the board of directors to serve as directors until the next annual meeting of shareholders of the corporation; and
(4) To transact such other business as may properly come before the meeting.
The proposed new bylaws were designed to vest control of the corporate affairs in a majority of its shareholders and directors, as required by this Court's opinion. They provided that:
(1) A majority of the shares of the corporation entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders;
(2) If a quorum is present, the affirmative vote of the majority of the shares represented at the meeting and entitled to vote on the subject matter shall be the act of the shareholders;
(3) The business and affairs of the corporation shall be managed by its board of directors;
(4) A majority of the whole number of directors of the board shall constitute a quorum for the transaction of business at any meeting of the board of directors.
(5) The act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors.
After receiving notice of the meeting and without any notice to Bynum or Forstman, Roach issued an additional 500 shares of common stock of the corporation to himself. He had previously issued to himself an additional 10 shares, without notifying Bynum or Forstman, shortly after the complaint was filed in this case in 1977.
Roach argues that he owned 1,010 shares and that the vote of his stock against them was sufficient to block the proposed new bylaws, even though Bynum and Forstman voted their 500 shares each in favor of the bylaws.
In its July 11, 1979, order, the trial court found that each of the individuals involved, Bynum, Forstman, and Roach, owned a one-third interest in the corporation, with each owning 500 shares. In the final order after remand and the one from which Roach appeals, the court made the following findings and orders with regard to the number of shares owned by Roach:
 "The Court has previously implicitly, if not explicitly, found that Roach's attempt to alter the equal ownership of 500 shares held by each of the three shareholders of Legal at the time this action was commenced, by purporting or attempting to issue unto himself 10 additional shares of Legal stock in July of 1977, was void and of no force and effect, and does hereby confirm that finding. The Court further finds that Roach does not have the unilateral right to issue unto himself additional shares of stock in excess of the 500 shares owned by himself, Bynum and Forstman, and that the attempted or purported issue unto himself of an additional 500 shares of stock on September 24, 1981, is also void and of no force and effect. Roach's unilateral attempts to issue additional stock unto himself are without equitable or legal basis, are in violation of the preemptive rights of Bynum and Forstman, and are in breach of his fiduciary duty to the other shareholders and directors of Legal.
". . .
 "(A) The shareholders of record of Legal with respect to the only validly issued and outstanding capital stock of Legal, 1,500 shares, are Bynum (500 shares), Forstman (500 shares), Roach (500 shares), and that Roach, by virtue of the Certificate of Incorporation of Legal or otherwise, has no greater or different or other rights with respect to the issue or acquisition of additional shares of the *Page 72 
capital stock of Legal than do the other shareholders of Legal;
 "(B) Roach's attempted or purported issue unto himself of 10 additional shares of Legal in July of 1977, and an additional 500 shares in September of 1981, are each and both of no force and effect, and Roach is directed instanter to deliver to Bynum the certificate purportedly representing the aforesaid 10 shares, and the certificate purportedly representing the aforesaid 500 shares, for cancellation, whereupon Legal is to refund all sums paid to Legal by Roach for the aforesaid 10 shares, and for the aforesaid 500 shares, without interest. . . ."
The court subsequently amended paragraph (B) set out above by striking the words "without interest," thereby allowing Roach to receive interest on the amounts paid to the corporation for the issuance of the 510 shares.
The trial court upheld the action taken at the special meeting of shareholders on October 5, 1981, where the proposed new bylaws were adopted and all three shareholders were elected directors. In upholding the action taken at that meeting, the court also entered an order restraining Roach "from interfering with, delaying or thwarting, or attempting to interfere with . . . the action taken by the shareholders" at the October 5, 1981, shareholders meeting.
At the conclusion of the shareholders meeting, a notice of a special meeting of the directors of the corporation was delivered to Roach. Under the new bylaws, special meetings of the board of directors may be called by the chairman of the board or the secretary at the request of two directors, on one day's written notice to each director. Bynum and Forstman complied with that bylaw and called a directors' meeting for Tuesday, October 6, 1981, at 1:00 p.m. Bynum and Forstman, acting in accordance with the new bylaws, and constituting a quorum of directors as defined in the bylaws, took the following action:
(1) Adopted a resolution declaring Roach to be ineligible to serve as an officer of the corporation, pursuant to paragraph 2 of a Stock Redemption and Shareholders Agreement dated September 25, 1975;
(2) Adopted a resolution removing all the present officers of the corporation;
(3) Elected Bynum to serve as chairman of the board, president, treasurer and secretary of the corporation;
(4) Elected Forstman to serve as vice-president of the corporation;
(5) Adopted a resolution authorizing the chairman of the board to hire an accountant or an accounting firm to review the financial and accounting books and records of the corporation in order to ascertain the corporation's financial condition and determine the amount of money owed to the corporation by its shareholders or the amount of money owed to shareholders by the corporation and to prepare appropriate financial statements;
(6) Adopted a resolution authorizing the chairman of the board to explore opportunities for the sale of the office building and/or other assets of the corporation;
(7) Adopted a resolution directing Roach to deliver to Bynum, as chairman of the board and secretary of the corporation, all of the books and records of the corporation; and
(8) Adopted a resolution directing Roach to deliver to Bynum, as chairman of the board and secretary of the corporation, the stock certificates representing 510 shares of the common stock of the corporation which Roach issued to himself, and directing Bynum, upon receipt of those stock certificates, to issue a check from the corporation's bank account payable to Roach in the amount which Roach paid to the corporation for the 510 shares.
At the directors' meeting, Roach objected to the transaction of any business, alleging that "the meeting was not lawfully called or convened in that notice was not given as required by the bylaws, and further, because the purposes stated in the purported notice received on October 5, 1981, are in violation of the Shareholders Agreement executed by the shareholders of this corporation *Page 73 
and by this corporation and one or more purposes also violates the Articles of Incorporation."
Roach refused to recognize the instructions, resolutions and orders of the board of directors and continued to assert that the bylaws adopted at the October 5, 1981, shareholders meeting were not the bylaws of the corporation; refused to recognize Bynum as chairman of the board, president, treasurer and secretary and to recognize Forstman as vice-president; refused to deliver all of the books and records to Bynum; and, also, refused to deliver the stock certificates representing 510 shares issued to himself.
In its final order, the trial court held:
 "(D) The action taken by Bynum and Forstman, as the majority of the directors of Legal, at the special meeting of directors held on October 6, 1981, as reflected by the minutes of that meeting, introduced into evidence as plaintiffs' exhibit 50, is hereby ratified and confirmed as appropriate and proper action of and by the directors of Legal;
 "(E) Roach is directed to deliver instanter, all books and records of Legal, including, but not limited to, the checkbook and cheekstubs of Legal, and all assets of Legal, including, but not limited to, certificates of deposit owned by Legal, and the leases referable to space in Legal's building, to Bynum as chairman of the board and president of Legal;
". . .
 "(G) Roach is hereby enjoined and restrained from interfering with, delaying or thwarting, or attempting to interfere with, delay or thwart, the action taken by the directors of Legal, at the meeting of directors held on October 6, 1981, and any and all valid and proper future action taken by a simple majority of the directors of Legal."
The trial court's order is affirmed. Roach's argument that he had the right to unilaterally issue to himself 510 shares of the corporation's stock simply because it was authorized but unissued is groundless. The board of directors has that authority, and Roach's issuance of the shares to himself is a breach of the duty which he owes to the corporation.
 "The rule that directors of a corporation act in a fiduciary capacity, and will be held to the standard of duty required of trustees in the management of the corporate affairs, applies to their acts in issuing stock. And they have no right to issue it to themselves or to their nominees, either for the purpose of making a profit for themselves out of the transaction, or for the purpose of obtaining or retaining control of the corporation, and this rule applies with equal force to increased stock, and authorized but unissued original stock."
11 W. Fletcher, Cyclopedia of the Law of Private Corporations, § 5156 (1971).
The trial court's decree holding that Bynum and Forstman had not violated the shareholders agreement is affirmed. The evidence supports this finding on this factual issue and, therefore, will not be reversed on appeal. Kilcrease v. Harris,288 Ala. 245, 259 So.2d 797 (1972).
Finally, we affirm the trial court's decree in refusing to grant Roach's request for specific performance of the shareholders agreement. The trial court specifically found that Roach had obtained the signatures of Bynum and Forstman on the agreement "by fraud, concealment and misrepresentation." This conclusion is supported by the evidence. Roach was, therefore, not entitled to specific performance of the agreement. See §8-1-40, Code 1975.
We have carefully considered all of Roach's arguments for reversal and are convinced that the trial court committed no error and that its resolution of this protracted and bitter litigation is supported by the evidence and is compelled by the applicable law. Its decree is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY and ADAMS, JJ., concur. *Page 74