Barbara L. George, Rex Hopper, Louise Hopper, Jerry Williams, and Kathy Ann Williams, the plaintiffs in the underlying action, appeal from the trial court's order of November 7, 2002, modifying its final judgment. We reverse and remand.
 Facts and Procedural History
Barbara L. George owns a lot adjoining the property of Bobby Sims and Janice Sims. In 1998, Barbara and her husband, Elvin George,[1] filed an action against the Simses seeking, among other things, a declaration that the Georges owned an easement along the boundary line between their property and the Simses' property and an injunction preventing the Simses from interfering with the Georges' use of that easement. The Simses filed an answer and a counterclaim alleging that the Georges had channeled water to flow onto the Simses property, causing damage. The complaint was subsequently amended to join Rex Hopper and Louise Hopper as plaintiffs. Subsequently, Jerry Williams and Kathy Ann Williams were permitted to intervene in the case. Both the Hoppers and the Williamses own property adjacent to the Simses' property (Barbara George, the Hoppers, and the Williamses are hereinafter collectively referred to as "the plaintiffs").
After an ore tenus proceeding, the trial court, on March 31, 1999, entered a judgment that, among other things, established the permanent location of an easement along the common boundary line running between the Simses' property on one side and the properties of Barbara George, the Hoppers, and the Williamses on the other side. The order stated that the easement extended 15 feet on either side of the common property line and required the parties to construct a road on the easement. The order also allocated among the parties the cost of the future maintenance of the road and required that certain steps be taken to ensure that the runoff of water from Barbara George's property onto the Simses' property would not damage the Simses' property. The trial court's March 31 order did not reserve jurisdiction over the case.[2]
Following the entry of the trial court's March 31, 1999, order, the parties began harassing one another. Sheriff's deputies were contacted on several occasions, and some of the parties were apparently indicted as the result of altercations among them. The parties also filed multiple motions in the trial court to hold each other in contempt for violating the trial court's March 31, 1999, order. On March 23, 2000, the trial court noted in the case action summary that the road the parties had constructed in compliance with its March 31, 1999, order was in disrepair; that the Simses had placed a "trailer" dangerously close to the road, impeding traffic; and that insufficient attempts had been made to ensure proper drainage of water onto the Simses' property. The trial *Page 1226 
court thus held the parties in contempt and ordered that they be fined and imprisoned unless certain steps were taken to improve the drainage, to maintain the road, and to remove the trailer.
After the trial court's March 23, 2000, order, the Simses filed a motion asking the trial court to again find the plaintiffs in contempt. On January 2, 2002, the trial court conducted a hearing at which only counsel for the Simses appeared. Subsequently, on May 10, 2002, the trial court issued an order, noting that the parties had apparently agreed to reduce the size of the easement.[3] The trial court therefore modified its March 31, 1999, order to decrease the size of the easement so that it extended seven and one-half feet on either side of the property line. It also ordered the parties to reconstruct a road on the easement within 60 days. The parties were required to maintain only that part of the road that fell on their side of the property line.
Barbara George then moved the trial court to set aside its May 10, 2002, order. Specifically, she claimed that while the parties had discussed reducing the size of the easement, they had never entered into a written agreement; she also claimed that she had had no notice of the January 2, 2002, hearing.
On September 30, 2002, the trial court held a hearing at which counsel for all parties were present. At the hearing, the trial court expressed frustration toward the parties for their total failure to comply with its orders and for their "animal[istic] behavior" toward each other. After another hearing on October 18, 2002, the trial court on November 7, 2002, issued an order; that order stated, in part:
 "The Court is aware that after its [initial] order there have been repeated hearings with evidence of criminal misconduct, grand jury indictments, and other contemptuous conduct by the parties such as to convince the Court that its order of May 10, 2002 nor the order of March 31, 1999 will be complied with by the Plaintiffs. Specifically, the Plaintiffs have failed to commence construction of their half of the roadway."
The trial court then set aside its May 10, 2002, order, and reinstated its March 31, 1999, order. However, the trial court purported to modify the March 31, 1999, order to provide that the plaintiffs had a permanent easement of 15 feet on their side of the property line for their exclusive use and that the Simses had a permanent easement of 15 feet on the Simses' side of the property line for the Simses' exclusive use. The parties were to be responsible for their own road on their own side and were given permission to build a fence along the centerline to separate the properties and the roads.
The plaintiffs filed a petition for a writ of mandamus to this Court, arguing that on November 7, 2002, the trial court was without jurisdiction to modify its March 31, 1999, order. This Court treated the mandamus petition as a notice of appeal and ordered the parties to submit briefs.
 Discussion
Because the facts are undisputed and we are presented with pure questions of law, our standard of review is de novo. RogersFound. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999);Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997).
"A final judgment is an order `that conclusively determines the issues before the court and ascertains and declares the *Page 1227 
rights of the parties involved.'" Lunceford v. Monumental LifeIns. Co., 641 So.2d 244, 246 (Ala. 1994) (quoting Bean v.Craig, 557 So.2d 1249, 1253 (Ala. 1990)). Generally, a trial court has no jurisdiction to modify or amend a final order more than 30 days after the judgment has been entered, except to correct clerical errors. See Rule 59(e) and Rule 60, Ala. R. Civ. P.; Cornelius v. Green, 477 So.2d 1363, 1365 (Ala. 1985) (holding that the trial court had no jurisdiction to modify its final order more than 30 days after its final judgment);Dickerson v. Dickerson, 885 So.2d 160, 166 (Ala.Civ.App. 2003) (holding that, absent a timely postjudgment motion, the trial court has no jurisdiction to alter, amend, or vacate a final judgment); and Superior Sec. Serv., Inc. v. Azalea City Fed.Credit Union, 651 So.2d 28, 29 (Ala.Civ.App. 1994) ("It is well settled that after 30 days elapse following the entry of a judgment, the trial court no longer has authority to correct or amend its judgment, except for clerical errors.").
It is undisputed that the trial court's March 31, 1999, order was a final order. See Hopper v. Sims, 777 So.2d 122
(Ala.Civ.App. 2000). The trial court's November 7, 2002, order purportedly modifying the March 31, 1999, order was issued in response to the parties' motions for contempt and rule nisi; it was not issued pursuant to a timely postjudgment motion. Although a trial court has "residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment," that authority is not so broad as to allow substantive modification of an otherwise effective and unambiguous final order. Helms v. Helms' Kennels, Inc., 646 So.2d 1343, 1347
(Ala. 1994). Therefore, the trial court erred in attempting to modify the March 31, 1999, order.
This Court sympathizes with the trial court's frustration with the total failure of the parties to comply with the trial court's judgment and order. However, we note that a trial court has other alternatives to compel compliance with its orders. See, e.g., Rule 70A, Ala. R. Civ. P.
 Conclusion
The trial court's order of November 7, 2002, is reversed insofar as it purported to modify its March 31, 1999, order, and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] Elvin George died while this case was pending in the trial court.
[2] The Hoppers attempted to appeal this order; however, the Court of Civil Appeals dismissed their appeal as untimely. SeeHopper v. Sims, 777 So.2d 122 (Ala.Civ.App. 2000).
[3] Although documents in the record mention the possible existence of a settlement agreement, no such agreement appears in the record.