THOMPSON, Presiding Judge.
 

 Green Tree-AL, LLC (“Green Tree”), appeals from a judgment of the Baldwin Circuit Court awarding it possession of a mobile home and awarding Jamie Brown $10,787.39. For the reasons set forth herein, we dismiss the appeal.
 

 On April 3, 2009, Green Tree sued Mary Lou Childress. In its complaint, Green
 
 *405
 
 Tree alleged that its predecessor in interest was assigned a “manufactured home retail installment contract and security agreement,” under which an individual agreed to make monthly payments for the purchase of a mobile home (“the mobile home”). Green Tree alleged that the contract provided to its predecessor a security interest in the mobile home. Green Tree asserted that the individual, who Green Tree did not name as a defendant, had defaulted under the contract and that, as a result of that default, Green Tree was entitled to possession of the mobile home. Green Tree asserted that Mary Lou Chil-dress resided in the mobile home, and it sought a judgment against her for possession of the mobile home. Service of process was attempted on Childress at the location of the mobile home, and the return on service indicated that Childress was no longer at the mobile home but that Jamie Brown claimed ownership of the mobile home.
 

 On April 14, 2009, Green Tree amended its complaint to, in effect, substitute Jamie Brown as a defendant for Childress. The return on service of process that had been issued for Brown indicated that Brown was served with process on April 22, 2009.
 

 On May 13, 2009, Green Tree filed a motion for a summary judgment in which it sought possession of the mobile home that was the subject of the above-noted contract. To its motion, Green Tree attached the affidavit of its collections manager, who attested to the material facts giving rise to Green Tree’s asserted right to possession of the mobile home. Brown, who had not filed an answer to the complaint, did not file a response to Green Tree’s summary-judgment motion.
 

 On June 9, 2009, the trial court entered a summary judgment in Green Tree’s favor. It held that Green Tree was entitled to possession of the mobile home, and it ordered that Brown be removed from the mobile home. The trial court waived the automatic stay of execution provided in Rule 62(a), Ala. R. Civ. P.,
 
 [1]
 
 and indicated that a writ of execution would be issued immediately upon Green Tree’s application for recovery of the mobile home. On June 16, 2009, the trial court issued a writ of execution for the mobile home.
 

 On August 7, 2009, Brown filed a document titled “Motion for Hearing.” That document read:
 

 “COMES NOW [Brown] and moves this Honorable Court to set for hearing a Writ of Execution heretofore issued by the Clerk of this Court on June 16, 2009, which writ seeks possession of a manufactured home, all fixtures, furniture and appliances purchased with the manufactured home. As grounds in support of this Motion, [Brown] shows unto this Court as follows:
 

 “1. That the judgment, upon which the Writ of Execution was issued, states that [Brown] did not respond to [Green Tree’s] Motion for Summary Judgment.
 

 “2. That [Brown] alleges he did respond, pro se, to [Green Tree], alleging that [Brown] was possessing the manufactured home pursuant to orders issue[d] by Judge Reid on September 6, 2005 and February 3, 2006.
 

 “3. That Your Honor’s judgment of June 9, 2009 waived the automatic stay rule of [Rule] 62[ (a) ][, Ala. R. Civ. P.,] and the writ issued without an opportunity for [Brown] to be heard.
 

 
 *406
 
 “4. That [Brown] has invested substantial funds in improving the manufactured home made the basis of the Writ of Execution, that the manufactured home was placed upon [Brown]’s real property without permission, that no rental payments have been paid to [Brown] and that [Brown] is owed $39,147.89 for improvements and rental charges.
 

 “5.
 
 That [Brown] will not dispose of or alter in any form the manufactured home made the basis of the Writ of Execution and that, if [Brown] does dispose of or alter in any form the manufactured home, he will be subject to punishment for contempt of court.
 

 “WHEREFORE, PREMISES CONSIDERED, [Brown] moves the Court to set this matter for hearing and to stay the Writ of Execution until the matter has been heard by Your Honor.”
 

 On September 30, 2009, the trial court held a hearing on Brown’s motion. At the hearing, Brown testified that he owned the property on which the mobile home was placed in 2000. He testified that the owner of the mobile home had failed to pay rent and that he had evicted the owner. As part of the eviction proceedings, Brown had obtained a judgment providing that the mobile home was to remain on the property until the owner paid Brown the rent the owner owed him. Brown testified that the owner never paid Brown as ordered by the court, and after the owner was evicted from the mobile home, Brown began taking care of the mobile home. Brown testified that he spent approximately $30,000 restoring the mobile home and maintaining it. Brown stated that he would not have a problem with Green Tree taking possession of the mobile home if it would pay him for the cost he had incurred restoring and maintaining the mobile home.
 

 On October 7, 2009, the trial court purported to enter a new judgment in which it ordered Green Tree to reimburse Brown $10,787.39 for improvements Brown had made to the mobile home and for maintenance Brown had performed on the mobile home. As it had in the previous judgment, the trial court held that Green Tree was entitled to possession of the mobile home. Green Tree filed a motion to alter, amend, or vacate the judgment, which the trial court denied. Green Tree appeals.
 

 We begin our analysis by reviewing whether this court has jurisdiction over this appeal. In the present case, the trial court entered a final judgment in Green Tree’s favor on June 9, 2009. Brown had 30 days from that date in which to file a postjudgment motion to alter, amend, or vacate that judgment.
 
 See
 
 Rule 59(e), Ala. R. Civ. P. Brown did not file such a motion, and, as a result, the trial court lost jurisdiction at the expiration of the 30 days following entry of the summary judgment.
 
 See George v. Sims,
 
 888 So.2d 1224, 1227 (Ala.2004) (“Generally, a trial court has no jurisdiction to modify or amend a final order more than 30 days after the judgment has been entered, except to correct clerical errors.”). Brown had 42 days from the entry of the summary judgment in which to file an appeal.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. Brown did not file an appeal during that period. Instead, Brown waited until August 7, 2009, 59 days after the entry of the summary judgment, to file anything with the trial court.
 

 The motion Brown filed is unclear. However, it appears from the language of the motion that he sought a hearing on the writ of execution that the trial court had issued on June 16, 2009, and that the reason he sought a hearing on the writ was because he had been denied such a hearing by virtue of the trial court’s waiver of the
 
 *407
 
 automatic stay of the writ provided by Rule 62(a), Ala. R. Civ. P.
 

 Although the procedural basis for Brown’s motion is not clear from its face,
 
 [2]
 
 we cannot construe it as one seeking relief from the summary judgment pursuant to Rule 60(b), Ala. R. Civ. P. The motion does not request relief under that rule, it does not seek an order setting aside the final judgment, and it does not state which of the enumerated grounds set out in that rule, if any, would permit Brown to proceed thereunder for relief from the final judgment. Instead, the language of Brown’s motion plainly indicates that it is directed at the writ of execution rather than the summary judgment.
 

 At the time that the trial court purported to enter the October 7, 2009, judgment ordering Green Tree to pay Brown $10,787.39, it no longer had jurisdiction over the matter. A judgment entered without subject-matter jurisdiction is void, and a void judgment will not support an appeal.
 
 T.B. v. T.H.,
 
 30 So.3d 429, 433 (Ala.Civ.App.2009). As a result, we have no alternative but to dismiss the appeal.
 
 See id.
 
 In so doing, we instruct the trial court to set aside its October 7, 2009, judgment and to reinstate its June 9, 2009, judgment.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Rule 62(a), Ala. R. Civ. P., provides, in pertinent part: “Except as stated herein or as otherwise provided by statute or by order of the court for good cause shown, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of thirty (30) days after its entry."
 

 [2]
 

 . Brown appears to argue in his appellate brief that the motion was filed pursuant to Rule 64(b)(2)(B), Ala. R. Civ. P. Rule 64(b)(2)(B), Ala. R. Civ. P., sets forth the procedures applicable to the prejudgment seizure of property. Because this action does not involve a prejudgment seizure of property, Rule 64(b)(2)(B) has no application.