LYONS, Justice.
Gulf Beach Hotel, Inc. (“Gulf Beach”), appeals from a judgment of the Montgomery Circuit Court in consolidated cases dismissing its amended complaint against multiple defendants for lack of jurisdiction. We affirm.

Factual Background and Procedural History

On June 26, 2008, the trial court entered a summary judgment for the plaintiffs— Gulf Beach, Charley Grimsley, the Alabama Education Association (“the AEA”), and the Alabama State Employees Association (“the ASEA”) — and against Governor Bob Riley; the Alabama Department of Conservation and Natural Resources (“the Department”); the commissioner of the Department, M. Barnett Lawley; Department officials Marcus Easterwood, Richard Liles, and Terry Boyd; then Finance Director James Allen Main; Auburn University (“the University”); the president of the University, Dr. Jay Gogue; the Gulf State Park Authority (“the Authority”); and West Places Hotel Group, LLC (hereinafter referred to collectively as “the defendants”), in consolidated actions CV-05-1409 and CV-05-1804. The plaintiffs challenged the defendants’ actions related to a memorandum of understanding between the Department and the University relative to the lease and sublease of property in Gulf State Park for use as a hotel (“the MOU”).
In its June 26, 2008, judgment, the trial court determined that the lease contemplated by the MOU violated §§93 and 213.32 of the Alabama Constitution of 1901 (Off.Recomp.); the State Parks Concession Act, § 9-14-20 et seq., Ala.Code 1975 (“the Concession Act”); the Gulf State Park Improvement Act, § 9-14B-1 et seq., Ala. Code 1975 (“the Improvement Act”); and the State Land Sales Act, § 9-15-70 et seq., Ala.Code 1975 (“the Land Sales Act”). In a detailed statement, the trial court enjoined the defendants from engaging in specific acts that violated those provisions. The trial court then stated: “The court retains jurisdiction of this matter to enforce its ruling and to ensure that the defendants comply with the terms of this order.” On July 3, 2008, after the entry of the trial court’s judgment, the circuit clerk created entries in the case-action summary showing that all parties had been “disposed” by the trial court’s judgment. The defendants subsequently appealed.
On March 27, 2009, in Gulf State Park Authority v. Gulf Beach Hotel, Inc., 22 So.3d 432 (Ala.2009), this Court affirmed the trial court’s judgment in part, reversed it in part, and dismissed several defendants from the action. Specifically, this Court dismissed the University, the Department, and the Authority, concluding that they were entitled to immunity under Article I, § 14, Ala. Const.1901. This Court then reversed the trial court’s judgment as to § 93, § 213.32, the Land Sales Act, and the Improvement Act, concluding that the defendants’ actions did not violate those constitutional provisions or acts. Regarding the Concession Act, however, this Court determined: “The defendants *729 have not demonstrated any error in the trial court’s holding that the proposed transactions would violate the Concession Act.” 22 So.3d at 442. In conclusion, this Court stated, in part: “[W]e affirm the trial court’s judgment insofar as the trial court held that the Concession Act has been, or would be, violated by the past or proposed actions of the defendants.” Id.
In May 2009, the legislature enacted what became Act No. 2009^466, Ala. Acts 2009. Act No. 2009-466, as summarized by the defendants before the trial court, “describes by metes and bounds certain property at Gulf State Park formerly covered by the MOU and provides a specific new set of rules to govern any lease of that property.” Act No. 2009^466 also specifically provides that the Concession Act does not apply to the property.
After Act No. 2009-466 became law, Gulf Beach sought additional discovery from the remaining defendants and from third parties regarding Act No. 2009-466 and the remaining defendants’ plans relative to the property. On August 4, 2009, the remaining defendants objected and moved to dismiss the action for lack of jurisdiction. The remaining defendants requested that the trial court dismiss the action in its entirety, stating: “There is no pleading before this court which purports to justify supplemental relief.” Specifically, the remaining defendants argued that case no. CV-05-1409 and case no. CV-05-1804 were rendered moot because the MOU was “not in effect any longer” as a result of this Court’s March 27, 2009, decision and the enactment of Act No. 2009-466.
Gulf Beach filed an amended complaint on August 7, 2009. In the first paragraph of the amended complaint, Gulf Beach stated that it adopted and incorporated all the allegations and counts of the original complaint, including its claims against the defendants who had been previously dismissed. It then discussed Act No. 2009-466 and stated five counts, each challenging Act No. 2009-466 on a different ground as either constitutionally infirm or violative of statutory provisions, including the Concession Act. Gulf Beach did not allege that the defendants had violated any terms of the trial court’s June 26, 2008, injunction. Gulf Beach sought new relief in the form of a declaration of its rights, a declaration that Act No. 2009-466 was unconstitutional, and an order “permanently restraining [the defendants] from carrying out the construction proposed by [Act No. 2009-466] and the [MOU].”
On August 10, 2009, the trial court granted the remaining defendants’ motion to dismiss for lack of jurisdiction,[1] without stating the basis for its ruling. Gulf Beach subsequently moved the trial court to alter, amend, or vacate its order. The trial court denied that motion, and Gulf Beach appealed.[2] The defendants have moved to dismiss these appeals, alleging a lack of jurisdiction based on substantially the same arguments made in the remaining defendants’ motion to dismiss before the trial court. Because the defendants’ arguments are identical to those discussed by the parties in their briefs regarding the merits of the appeals, we will consider the motion concurrently with the merits of the appeals.

*730
Standard, of Review

“In Newman v. Savas, 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“ ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creóla Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.’
“878 So.2d at 1148-49.”
Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala.2005).

Analysis

Gulf Beach argues on appeal that the trial court erred in dismissing its amended complaint for lack of jurisdiction because, it says, the trial court, in its June 26, 2008, judgment, “retain[ed] jurisdiction of this matter to enforce its ruling and to ensure that the defendants comply with the terms of [the June 26, 2008,] order.” Gulf Beach also references this Court’s statement that “we affirm[ed] the trial court’s judgment insofar as the trial court held that the Concession Act has been, or would be, violated by the past or proposed actions of the defendants.” 22 So.3d at 442.
To support its argument, Gulf Beach first relies on this Court’s statements that a trial court has residual jurisdiction to enforce its judgments, citing State Personnel Board v. Akers, 797 So.2d 422, 424 (Ala.2000) (“A trial court has inherent authority to interpret, clarify, and enforce its own final judgments.... Thus, even after this Court, on the direct appeal, affirmed the trial court’s ... judgment, that court retained jurisdiction to interpret and clarify that judgment.”); George v. Sims, 888 So.2d 1224, 1227 (Ala.2004) (“a trial court has ‘residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment’”[3]); and Helms v. Helms’ Kennels, Inc., 646 So.2d 1343, 1347 (Ala.1994) (“a trial court does have residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment” [4]).[5]
*731 In its amended complaint, Gulf Beach stated that it adopted and incorporated the allegations and claims stated in the original complaint. However, as discussed below, all of those allegations and claims had already been fully and finally adjudicated by the trial court in its June 26, 2008, judgment. Additionally, the only relief Gulf Beach claimed in its amended complaint was 1) a declaration of its rights, 2) a declaration that Act No. 2009-466 was unconstitutional, and 3) a new order enjoining the defendants from proceeding with plans for the property as authorized by Act No. 2009^66. This relief is similar to the relief sought by the plaintiffs in their original complaint, but is based on a different fact, namely the enactment and effect of Act No. 2009-466. Gulf Beach did not allege any violation of the trial court’s June 26, 2008, judgment. Nor did it request a show-cause order or other similar relief consistent with an attempted enforcement of that judgment.
State Personnel Board, George, and Helms relate to the trial court’s residual jurisdiction to enforce its judgments. Similarly, the trial court, in its June 26, 2008, judgment, expressly retained jurisdiction for the specific and limited purpose of enforcing its ruling. Because Gulf Beach did not seek enforcement of the June 26, 2008, judgment, the trial court did not have retained or residual jurisdiction to consider the amended complaint. Any claims regarding the validity or effect of Act No. 2009-466 should, therefore, have been asserted in a new action challenging that legislation.[6]
Gulf Beach next argues that a trial court, after an appeal of its judgment, has jurisdiction to permit new pleadings, particularly when the appellate court has not given specific directions to the trial court. Gulf Beach cites Ex parte Insurance Co. of North America, 523 So.2d 1064, 1069 (Ala.1988) (“[A] trial court, after this Court has reversed and remanded without directions but has not entered a judgment constituting a final adjudication of all issues, has the discretion to grant a motion to amend an original complaint as to issues not yet finally adjudicated.”), and Ex parte Roach, 414 So.2d 80, 82 (Ala.1982)(“‘When this court reverses and remands without further direction, the trial court may, in the exercise of sound judicial discretion, permit further pleadings and proof as justice and equity dictate.’ Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974).”).
However, Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974), the decision relied on in Roach and quoted by Gulf Beach, was expressly overruled in Insurance Co. of North America. In that case, this Court explained:
“[A] trial court, after this Court has reversed and remanded without directions but has not entered a judgment constituting a final adjudication of all issues, has the discretion to grant a motion to amend an original complaint as to issues not yet finally adjudicated. “... Citizensbank relies on Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974), for the proposition that a plaintiff can amend its complaint after this Court has reversed *732 without directions. As we have already-noted, that proposition is not necessarily untrue, but neither is it correct in all situations. In Havard, this Court reversed a judgment for the plaintiff, holding that ‘the affirmative charge should have been given by the trial judge,’ but then went on to allow an amendment to the complaint and further proceedings under the amended complaint. To the extent that Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974), is inconsistent with our holding in the present case, it is expressly overruled.”
523 So.2d at 1069-70 (emphasis added).
Consistent with this explanation, subsequent decisions of this Court have made clear that the pertinent inquiry regarding whether the trial court has jurisdiction to consider an amended pleading after a judgment has been entered is whether the judgment is final. See, e.g., Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 665 (Ala.2009) (“Although the trial court may have retained jurisdiction to alter its judgment by an appropriate postjudgment motion, no such motion was granted by the trial court in this case. Thus, the trial court lacked jurisdiction to accept Blakeney LLC’s amendment purporting to add new claims and a new party.”), and Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 490-91 (Ala. 2008) (“[A] trial court has no jurisdiction to entertain a motion to amend a complaint to add new claims or new parties after a final judgment has been entered, unless that ‘judgment is first set aside or vacated’ pursuant to the state’s rules of civil procedure .... A trial ‘ “court cannot, by its subsequent action, divest a [judgment] of its character of finality. A final [judgment] is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another [judgment] therein.” ’ [Pratt Capital, Inc. v.j Boyett, 840 So.2d [138,] 144-45 [(Ala. 2002) ] (quoting Nichols [u Ingram Plumbing ], 710 So.2d [454,] 456 [ (Ala.Civ.App.1998) ], quoting in turn Min-gledorff v. Falkville Downtown Redev. Auth., 641 So.2d 830, 832 (Ala.Civ.App. 1994)). Neither can a final judgment ‘be made nonfinal by the trial court’s calling it nonfinal.’ Smith v. Fruehauf Corp., 580 So.2d 570, 572 (Ala.1991) (emphasis added).”).
In this case, the trial court entered a permanent injunction on June 26, 2008. That order disposed of all issues between the parties and left nothing for the trial court to adjudicate. Entries in the case-action summary on July 3, 2008, show that the trial court’s order disposed of all parties to the litigation. The defendants appealed, and, on March 27, 2009, this Court affirmed the trial court’s judgment in part, reversed it in part, and dismissed certain defendants. This Court’s decision did not revive any issues, and it left nothing for the trial court to adjudicate between the parties. As discussed above, the trial court retained residual jurisdiction to enforce its judgment, see State Personnel Board, supra; however, that judgment was final. See Dickerson v. Alabama State Univ., 852 So.2d 704, 705 (Ala.2002) (“The general rule is that a trial court’s order is not final unless it disposes of all claims as to all parties.”). Accordingly, the trial court had no authority to consider new claims, and it correctly dismissed the amended complaint.
Gulf Beach next argues that the trial court’s dismissal of the amended complaint violates the separation of powers mandated by § 43, Ala. Const.1901.[7] This argu *733 ment, however, relates solely to the merits of Gulf Beach’s claims challenging the constitutionality of Act No. 2009-466. Specifically, Gulf Beach argues that Act No. 2009-466 was an impermissible effort by the legislature to invade the province of this Court and the trial court and to reverse the outcome of the present litigation. Gulf Beach reasons that, by refusing to allow Gulf Beach to challenge Act No. 2009-466 in the present litigation, the trial court has validated the legislature’s exercise of a judicial function.
This argument, however, fails in that the trial court properly refused to consider the merits of Gulf Beach’s challenge to Act No. 2009-466. Gulf Beach may assert its arguments that Act No. 2009-466 is invalid, under § 43 or otherwise, in a new action challenging that legislation. The trial court correctly refused to consider matters not properly before it.

Conclusion

Gulf Beach has not shown that the trial court erred in dismissing the action. We, therefore, deny the motion to dismiss the appeal as moot and affirm the trial court’s judgment.
1081809 — MOTION TO DISMISS APPEAL DENIED; AFFIRMED.
1081811 — MOTION TO DISMISS APPEAL DENIED; AFFIRMED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.

. In the context of this proceeding we speak of jurisdiction in the sense of the authority of the trial court to proceed consistent with principles dealing with finality of judgments as opposed to subject-matter jurisdiction.

. Although there are two case numbers on appeal because the notice of appeal identified consolidated cases, the only appellant is Gulf Beach; the style in these appeals has been corrected accordingly.

. The complete sentence reads as follows: "Although a trial court has 'residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment,’ that authority is not so broad as to allow substantive modification of an otherwise effective and unambiguous final order.” 888 So.2d at 1227.

. The complete sentence reads as follows: "Although a trial court does have residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment, see Jones v. City of Opelika, 242 Ala. 24, 4 So.2d 509 (1941), that authority is not so broad as to extend to the actions taken by the trial court in this case....” 646 So.2d at 1347.

.Gulf Beach also refers to portions of this Court's decision in Ernst & Young, LLP v. Tucker, 940 So.2d 269, 288 (Ala.2006), in which this Court noted the speculative nature of a trial court’s reservation of jurisdiction after referring certain of the plaintiff’s claims to arbitration, stating: "The trial court’s reservation of authority to award [the plaintiff's] attorneys a fee from any recovery clearly relates to a speculative eventuality, depending on the outcome of the arbitration and any order resulting from the arbitration relating to attorney fees.” In the next sentence, this Court then declined to impute error to the trial court based on the speculative retention, stating: "We will not predicate reversible error at this point on such a contingent and problematic eventuality.” Id. Gulf Beach *731 does not explain how this decision relates to the situation presented by these appeals.

. In its brief on appeal, Gulf Beach raises substantive arguments regarding the validity of Act No. 2009-466. Those arguments are not properly before this Court, and they do not alter our conclusion that the trial court correctly dismissed Gulf Beach’s claims challenging Act No. 2009-466 for lack of jurisdiction. Questions regarding the validity of Act No. 2009-466, as stated above, are properly raised in separate litigation.

. Article III, § 43, Ala. Const.1901, provides:
"In the government of this state, except in die instances in this Constitution herein *733 after expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”